14401

ANDREWS *ET AL.* v. POOLE *ET AL.*

(188 S. E., 860)

*Messrs. Hicks & Johnston*, for appellants,

*Mr. C. Granville Wyche,* for respondents,

December 17, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

For an understanding of the matters involved herein, we adopt the following agreed statement of facts of counsel representing the respective parties involved:

"There are two cases involved in this appeal. They were tried together, the case of Walter Andrews resulting in a verdict of $1,500.00, and the case of Marion Andrews resulting in a verdict of $5,000.00. Although there are two cases, the question raised on appeal in each case is identical. For that reason, the appeals are combined and presented in one record.

"The two cases arose out of an automobile accident which occurred in the State of Virginia, between an automobile driven by Walter Andrews, the husband of Marion Andrews, who was riding in the car with him, and a truck owned and operated by appellant Otis L. Poole. The only question involved in the appeal is the question as to whether or not it was proper to make the Central Mutual Insurance Company of Chicago a party to the actions."

It appears from the history of the case set forth in the record herein that the accident occurred on January 13, 1935, in Fairfax County, Va., and actions were begun June 18, 1935, in the Court of Common Pleas for Greenville County, this State, by both respondents. The cases were tried before his Honor, Judge A. L. Gaston, and a jury, beginning February 3, 1936. The complaints are identical, except as to injuries and other slight incidental changes. Since, as agreed by counsel that the only question involved in the appeal is the question as to whether or not it was proper to make the Central Mutual Insurance Company of Chicago a party to the actions, in considering the appeal we shall refer only to matters touching on that question. Counsel for appellants state, in effect, that the following are the questions raised by the appeal:

"1. Whether or not the complaint failed to allege and the proof failed to show a cause of action against appellant

insurance company, and if it did not it should have been dismissed as a party. Because of the errors in refusing the motions, the appellant insurance company should now be dismissed from the case.

"2. Because of the prejudice to him in being forced to defend with his insurance company a party to the action, a new trial should be granted as to appellant Poole."

After the answer to the complaint was duly filed by the defendants, the defendants served notice upon the plaintiffs to dismiss the complaint as to the defendant Central Mutual Insurance Company of Chicago upon the following grounds:

"1. As shown by the complaint, the cause of action arose in the State of Virginia, and is governed by the laws of that State.

"2. There being nothing alleged to the contrary, the laws of Virginia are presumed to be the same as the common law of this State; and, under the common law of this State no cause of action would exist against this defendant.

"3. Even though the laws of Virginia have not been alleged in the complaint, both the common and statutory law of Virginia prevent the joining of this defendant in such an action."

This motion his Honor overruled in the following language:

"The above action was commenced by the service of summons and complaint on June 28, 1935. Thereafter, in due time, each of the defendants filed an answer. On January 6, 1936, the attorneys for defendants served notice that they would move before the Court on January 18, 1936, to dismiss the complaint as to the defendant Central Mutual Insurance Company of Chicago, upon the ground that the complaint does not state facts sufficient to constitute a cause of action against said defendant, the grounds of said motion being stated in the notice.

"After hearing arguments by counsel for defendants and counsel for plaintiff, I am of opinion that the complaint does state a cause of action against the defendant Central

Mutual Insurance Company of Chicago, for the reason that the complaint alleges that the contract between the defendant Poole, and the Central Mutual Insurance Company of Chicago, is a contract of liability insurance as distinguished from indemnity insurance. Under the cases of *Piper v. American Fidelity & Casualty Company,* 157 S. C., 106, 154 S. E., 106, and *Benn v. Camel City Coach Company,* 162 S. C., 44, 160 S. E., 135, the complaint states a cause of action against both defendants and I so hold.

"Now, therefore, upon motion of C. Granville Wyche, attorney for plaintiff,

"It is ordered that the motion to dismiss the complaint be and is hereby refused."

Thereafter, the case was tried before his Honor, Judge Gaston, and a jury, and, as disclosed by the record, it was agreed by the parties that certain policies of insurance should be introduced in the record, and also certain photostatic copies of certain of the policies involved in the record should be introduced and filed with the Court instead of the originals. Certain witnesses testified in the trial of the case and at the conclusion of plaintiff's testimony appellants moved for a nonsuit and at the close of all of the testimony moved for direction of a verdict, which motions were overruled. and when a verdict was rendered for the plaintiffs, motion for new trial was made by the defendants. In this connection it appears from the record that the preliminary motion to dismiss the complaints as to the defendant Central Mutual Insurance Company of Chicago, and the motions for nonsuit, for a directed verdict, and for a new trial were, with necessary variations in the wording of each motion, in the following language:

"That his Honor was in error in refusing the motions to dismiss the complaint as to the defendant, Central Mutual Insurance Company of Chicago, a corporation, and in refusing to grant the motion of nonsuit, and to direct the verdict as to the same defendant, upon the grounds set forth in all of the motions, to wit: That the cause of action arose

in the State of Virginia, and is governed by the laws of that state; that, there being nothing alleged to the contrary, the laws of Virginia are presumed to be the same as the common law of this state; and, under the common law of this state no cause of action would exist against this defendant Central Mutual Insurance Company of Chicago; that, even though the laws of Virginia have not been alleged in the complaint, both the common and the statutory law of Virginia prevent the joining of the defendant Central Mutual Insurance Company of Chicago in such an action, and the laws of Virginia, as proved at the trial and introduced in evidence, sustain this position.

"Not only was there no allegation of a cause of action against the Central Mutual Insurance Company in the complaint, but the evidence introduced at the trial failed to show a cause of action against this defendant, and said action should have been dismissed upon motion for nonsuit, and afterwards a verdict should have been directed for it, the same having been sent to the jury, and a verdict returned against it, this verdict should have been set aside, and either a new trial granted or judgment ordered for it, notwithstanding the verdict.

"That there was prejudicial error against Otis L. Poole, trading and doing business under the name of Poole's Transportation, in allowing the case to be tried with the insurance company remaining in the case as a defendant, this being so prejudicial as to him that a new trial should be granted as to this defendant, also."

It appears that after due consideration Judge Gaston overruled all of these motions, and in doing so used the following language:

"Gentlemen, I am going to let the case go to the jury, and I think I will state my ruling right here now. I am not going to put it on any grounds that I think are doubtful; in the first place I am satisfied that the statutory provisions of this State have no application, no force and effect in this suit, because this is a suit for damages sustained by the

plaintiffs, who are not only nonresidents of the State, but have a cause of action which arose beyond the limits of the State; and therefore, the plaintiffs have no protection under the statute law of this State. However, the policy which is in evidence in writing must be construed by the Court; I take it from the general language of the policy that it is a policy of liability, or policy proctecting Otis Poole, trading as Poole's Transportation against liability; to that extent it is a liability insurance policy and not merely a policy of indemnity against loss. I conclude that from the language from the policy as found in several places. Page one, item 3 of the policy reads: 'The company's limit of liability against each of such perils and coverages shall be as stated in the general conditions and insuring agreements of the policy—' and sub-division 5 reads: 'Liability for personal injury, as defined in clause A of the insuring agreement' and then sub-division 6 reads: 'Property damage, as defined in clause B of the insuring agreements.' Then, those two clauses, clause A refers to legal liability for bodily injury or death and against liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom accidentally suffered or alleged to have been suffered by any person—and so on.

"Now, Section 27B of Joyce on Insurance, which is referred to in the *Piper case*, states that where the insurer expressly binds himself to pay all damages with which insured may be charged or required to pay or for which he may become legally bound, it is not only a contract of indemnity, but also a contract to pay liabilities and recovery may be had thereon as soon as the liability attaches to the assured and before he is discharged. Now, this policy here refers to protection against loss from liability imposed by law upon the assured for damages, the very words referred to in Joyce, and therefore, I think as a matter of law that the suit may be maintained under this policy, irrespective of the statute of the State, by any third person who has a beneficial interest under the policy, and that such suit may be main-

tained before judgment is obtained against the Poole Company. Now, the only thing I find in the policy to the contary is this Section T, which does not apply, however, except in cases of bankruptcy or insolvency of the insured; there is no claim in this suit that the insured is bankrupt or insolvent. Gentlemen, that is what I am going to hold as a matter of law, and I think I have tried to state it clearly for the protection of both sides.

"I agree with you to the extent that if this contract did not give the plaintiff a right of action at this time that your grounds of the motion would be well taken, but I rule against you on the ground that under the contract itself for liability insurance the plaintiff does have a right of action.

"Now, Mr. Hicks, I agree with you to this extent, if the cause of action, if any, rises under the terms of this policy —in other words, the right of action depends on the interpretation of the contract.

"It is admitted by both sides that the cause of action did not originate in this State or arise in this State; in other words, that the accident occurred in the State of Virginia, but I think this, if a casualty company issues a policy of liability insurance then any party injured would have a beneficial interest under that policy and could sue in South Carolina, because the other defendant resides here; and necessarily the plaintiff has to sue where the defendant resides or where they can obtain jurisdiction; one of the defendants resides in South Carolina and the whole case turns on the construction of this contract, which I have already, in the motion at the close of plaintiff's testimony, construed to be a contract of liability rather than indemnity policy and I am going to adhere to that ruling.

"Gentlemen, I think it is plain enough; there is no serious conflict between these two policies; and if an insurance company issues the uniform policy, by the terms of that policy grants indemnity, I mean grants liability protection, why that company can be sued jointly with the party insured. That is what I have held in this case. This insurance policy

is liability insurance, and, therefore, the insurance company can be joined and sued jointly with the owner of the automobile. I think that is pretty plain. Where both policies are now in evidence and where they don't conflict why I don't think I would have to rule which one governs, because there is no conflict between them on the issues in this case.

"Well, Mr. Hicks, it would be pretty difficult to construe a written contract as long as this is from the bench, but it seems to me that those lines, or that last sentence of paragraph T fixes a remedy or procedure where the assured is bankrupt or insolvent. Now, there seems to be some distinction in the law in regard to insolvency, of the insured based on this theory, if he is insolvent or bankrupt, he would not have any enforceable liability of any sort, if bankrupt it would not be collectible because he would be unable to pay it; but even in that situation the insurance company remains liable under this policy and I think this, that where you are suing on a contract irrespective of South Carolina the parties can make any contract they see fit between them and if these two policies are both in force at the same time between the insurance company and the other defendant that they would be entitled to have them construed together, but even then the rest of the terms of the policy of insurance and contract seems, I think, to be a contract of liability of damages and is not a contract for indemnity against loss incurred and paid by the insured. Now, policies that cover indemnity for loss usually provide that the assured must first fight the case in Court and defend it and pay any judgments obtained against him before he can look to the insurance company for any indemnification. There is no language like that in this policy; no stipulation in this policy that the insured must first fight the case and litigate the liability and pay any loss incurred by him before he could resort to his remedy under this policy. Now, it is true that is a feature of the policy that is absent; it is conspicuous by its absence, and in a way the wording of this policy is pretty meagre; I don't see any terms here that would lead me to

hold that the policy is anything but a contract of liability insurance; if it is, why then this suit is properly maintained, and I don't mind going into it pretty fully, because the law required me to construe the written contract and I am only going by the paper itself in trying to give my reasons for construing it; so I am going to overrule your motion."

For the reasons set forth by Judge Gaston, we agree ██ with the conclusion his Honor reached in overruling the motion to dismiss the complaint as to the defendant General Mutual Insurance Company of Chicago. As to the defendant Poole, of course, it was proper for his case to be tried in the Court in which the suit was instituted, he being a resident of this State and within the jurisdiction of that Court. He had no right to complain because his co-defendant was made a party along with him.

The exceptions are, therefore, overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.