14647

COX v. EMPLOYERS LIABILITY ASSUR. CORP., LIMITED, LONDON, ENGLAND *ET AL.*

(196 S. E., 549)

October, 1937.

234

*Messrs. Herbert & Dial,* for appellants, 

*Messrs. L. M. Lawson* and *C. E. Gardner,* for respondent,

March 25, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL.

This suit for personal injuries was brought by the respondent, Lila Mae Windham Cox, against her sister, Sarah Windham Hackett, alleging that her personal injuries were due to and caused by certain acts of negligence on the part of her sister in the operation of her automobile in which they were both riding on the 19th day of June, 1932. Action was commenced by service of summons and complaint on August 21, 1937.

With the cause of action in tort against her sister, the respondent has united in her complaint a cause of action on an insurance contract to which her sister and the appellant insurance company are parties; alleging in the complaint that the insurance company "insured the defendant, Sarah Windham Hackett against liability for accidents which may occur by reason of accidents and injuries to others from or by reason of the operation of," a certain automobile.

The complaint alleges that the purpose for which the automobile was to be used was business and pleasure. There is no allegation that it was ever used as a common carrier.

To this complaint the two defendants demurred on the ground, among others, that there is a misjoinder of causes of action in that two causes of action, one *ex contractu* and the other *ex delicto,* are improperly united in the same complaint.

On October 11, 1937, Honorable C. C. Featherstone, at that time presiding Judge of the Fourth Judicial Circuit, issued his orders overruling the demurrers.

The appellants by this appeal challenge the correctness of Judge Featherstone's orders overruling their demurrers. Some other motions were made before the trial Judge and overruled by him, and his orders therein are made the basis of other exceptions to this Court. Inasmuch as the opinion of this Court on the issue made by the demurrers, however, will dispose of this cause, it will be unnecessary for us to consider the issues made by the remaining exceptions.

It is our opinion that the complaint herein contains a misjoinder of causes of action. The demurrers should have been sustained. *Fant v. Brissey,* 143 S. C., 264.

The cases relied upon by respondent all involved motor vehicles engaged as common carriers of passengers or freight for hire. These are required by statute to carry liability insurance. *Piper v. Casualty Company,* 157 S. C., 106, involved a bus company. *Benn v. Camel City Coach Co.,* 162 S. C., 44, involved a bus company. *Thompson v. Bass,* 167 S. C., 345, involved a bus company.

It is true that the text of the opinion in the case of *Andrews v. Poole,* 182 S. C., 206, apparently applies to both common carrier and privately owned and operated automobiles. That opinion, however, is authority only for the facts of the case itself, and the motor vehicle involved was a truck owned and operated by the defendant who was doing business under the name of "Poole's Transportation." It is therefore authority only in cases involving common carriers.

We hold that one who alleges injury due to the negligent operation of a motor vehicle which is privately owned and

privately used, and not used as a common carrier, may not unite in his complaint a cause of action in tort against the owner and operator of the motor vehicle with a cause of action on a contract of liability insurance carried by the owner of the motor vehicle.

The writer of this opinion, after twelve years experience upon the trial bench, knows of no more effective method of embalming a defense than that of informing a jury in a negligence case that the defendant in the suit is protected against their verdict by liability insurance.

It is sometimes necessary, in order that the ship may safely reach the harbor of justice, to deafen the ears of the sailors against the seductive song of the siren.

"There can be no doubt on the bench or at the Bar," wrote Mr. Justice Woods in the case of *Horsford v. Carolina Glass Company,* 92 S. C., 236, "that in an action by an employee against his employer to recover damages for personal injury both reason and authority forbid bringing into the evidence or argument the fact that defendant is protected by employer's liability insurance. Such evidence or argument has a manifest and strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal rights of the defendant on the ground that someone else will have to pay the verdict.

"This is the only reason that can be assigned for attempting to use such testimony and argument. One of the most manifest and pressing duties, not only of Courts but of lawyers, is to prevent influences of this kind from finding their way into the administration of justice. In the discharge of this duty the entire commonwealth is deeply concerned, for the use in evidence and argument of such influence produces injustice and waste of the time and labor of Courts and juries at great public cost."

To allow a joinder such as sought for herein would lead to more than one unjust situation. An innocent defendant, after an adverse money verdict against him, might be faced

by a criminal prosecution. For death caused by simple negligence in the operation of a motor vehicle constitutes involuntary manslaughter. *State v. Dixon,* 181 S. C., 1. Then too, it might well happen that an insurance company, shortly after an adverse verdict might become bankrupt, and thus leave the luckless co-defendant, innocent of negligence though he might have been, to face financial ruin.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court with leave to the plaintiff to serve an amended complaint eliminating the cause of action against the named insurance company.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.

## ORDER ON PETITION FOR REHEARING

### Rehearing dismissed April 27, 1938

The opinion of this Court in this cause was filed on March 25, 1938. In due time a petition for a rehearing was filed by counsel for respondent. We have given due consideration to the petition for rehearing, and are of the opinion that it should be refused.

Petitioners give as their reasons for a rehearing that this Court in its opinion herein overlooked certain matters. We are fully aware of the difference between liability and indemnity insurance contracts as pointed out in *Piper v. Casualty Co.,* 157 S. C., 106, and with this in mind we held:

"That one who alleges injury due to the negligent operation of a motor vehicle which is privately owned and pricately used, and not used as a common carrier, may not unite in his complaint a cause of action in tort against the owner and operator of the motor vehicle with a cause of action on a contract of liability insurance carried by the owner of the motor vehicle."

And we further held that *Andrews v. Poole,* 182 S. C., 206 is "authorized only in cases involving common carriers." We think, however, from a further consideration of that decision, the conclusion could be reached, and properly so, that the Court there based its decision entirely upon the fact that the contract of insurance there was one for liability and not for indemnity. The correct rule is as stated in the *Piper case* and followed in the case at bar. Any holding, or apparent holding, to the contrary in *Andrews v. Poole, supra,* is hereby expressly overruled.

We adhere to our holding that the case of *Andrews v. Poole* is now authority only in cases involving common carriers.

With this explanation, *it is ordered* that the petition be dismissed and the order staying the remittitur revoked.

Messrs. Justices Bonham, Baker and Fishburne and Mr. Acting Associate Justice Wm. H. Grimball concur.