JOSEPH H. BROWN v. BREVARD AUTO SERVICE COMPANY, a CORPORATION, J. NEELY and TRANSYLVANIA CASUALTY INSURANCE COMPANY, a CORPORATION.

(Filed 23 May, 1928.)

1. **Constitutional Law—Obligation of Contracts—Change of Procedure Does Not Impair Obligation of Contract—Retrospective Laws—Bus Lines.**

The statute of 1927, amending the Public Laws of 1925, prohibiting the joinder of the assurer in an action against the assured, relates to the remedy, and its enforcement does not impair the obligations of a contract of indemnity.

2. **Venue—Residence of Parties—Nonresident Plaintiff and Resident Defendant.**

Where a nonresident plaintiff brings action against a corporation existing under the laws of this State, with the joinder of a resident defendant, and the venue of the action is laid here in a different county from that of the resident defendant, to recover damages alleged to have been caused by a negligent act, the venue is in the county of the resident defendant, C. S., 469, and the action is removable thereto upon motion duly made by the resident defendant.

APPEAL by defendants from *Moore, J.*, from order rendered on 30 November, 1927, of HENDERSON. Reversed.

*Ewbank, Whitmire & Weeks for plaintiff.*
*R. R. Williams for defendants.*

CLARKSON, J. This is an action for actionable negligence instituted by plaintiff, a resident of South Carolina, against Brevard Auto Service Company, a corporation organized and existing under the laws of North Carolina, that operated a public motor bus line between Brevard and Hendersonville, N. C. It is alleged that the injury complained of, on which this action is based, took place on 24 August, 1926. That the defendant, J. Neely, was the agent of his codefendant, Brevard Auto Service Company, and the driver of the motor bus at the time of the injury complained of. That on 14 March, 1925, under authority and in compliance with chapter 50, Public Laws 1925, the Transylvania Casualty Insurance Company, a corporation organized and existing under the laws of Kentucky, gave bond in the sum of $5,000 for the protection of the public against injuries caused by the negligent operation of the motor buses owned and operated by Brevard Auto Service Company, which bond was in full force and effect at the time of the injury complained of, for which this action is instituted. The bond covered the motor bus of Brevard Auto Service Company, the defendant, which it is alleged was negligently being operated by J. Neely, its agent and codefendant, at the time plaintiff was injured.

The summons in the action was issued on 31 August, 1927, and duly served on defendants, and the complaint sworn to and filed in apt time.

The defendants, in apt time, made a motion to remove the action from Henderson County to Transylvania County. The plaintiff, Joseph H. Brown, is a resident of South Carolina; the defendant, Brevard Auto Service Company, is a corporation organized and existing under the laws of North Carolina; the defendant, J. Neely, is a resident of Transylvania County, and the Transylvania Casualty Insurance Company is a corporation organized and existing under the laws of Kentucky, and has been duly authorized and licensed to do business in North Carolina.

Plaintiff in his brief says: "In view of the decision in the case of *Palmer v. Lowe et al.,* as reported in 194 N. C., p. 703, which has been handed down since this matter was heard by the Superior Court judge, the appellee is no longer able to resist the motion of the appellants to remove this case to Transylvania County for trial." The law in the above respect is settled, as the plaintiff admits.

The several defendants also demurred for misjoinder of both parties and causes of action. The demurrers were overruled. In this we think the court below erred.

Public Laws 1925, chap. 50, sec. 3, 6(g), was construed in the case of *Harrison v. Transit Co.,* 192 N. C., p. 545, and it was held that the language of the statute allowed both assurer and assured to be sued jointly in the same action. It is alleged that the bond of the Transylvania Casualty Insurance Company, which was given in conformity with

said act of 1925, was executed 14 March, 1925. That the actionable negligence, for which this suit was instituted, occurred on 24 August, 1926. This action was commenced on 31 August, 1927. The Public Laws 1927, chap. 136, sec. 6, to meet the *Harrison case, supra,* prohibited the joinder of the assurer and the assured. See *Williams v. Motor Lines, post,* 682. Said Public Laws 1927, chap. 136, sec. 20, is as follows: "That all acts or parts of acts in conflict with or inconsistent herewith are hereby repealed to the extent of said conflict or inconsistency; but nothing herein contained shall be construed to relieve any motor vehicle carrier, as herein defined, from any regulation otherwise imposed by law or lawful authority; neither shall this act be construed to affect any obligation arising under duty imposed by nor right of action accruing under chapter fifty, Public Laws of one thousand nine hundred and twenty-five, and amendments thereto (sec. 22). That this act shall be in full force and effect from and after June thirtieth, one thousand nine hundred and twenty-seven."

Thus the act of 1927, preserved obligations arising from duties imposed and the right to bring a suit for a cause of action accruing under said act of 1925. Hence the act of 1927, affected or operated upon the remedy only by providing a different method for enforcing the right of action. Moreover the plaintiff having brought his suit after the act of 1927 became effective the remedy as therein prescribed must control the action. The principle of law applicable is thus stated in *Martin v. Vanlaningham,* 189 N. C., 656, 127 S. E., 695: "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions—those which have accrued or are pending, and future actions."

Applying this principle to the facts disclosed by the record, we hold that the court below erred in overruling the demurrer and that the order of removal was properly granted.

Reversed.