15376

POWELL v. DRAKE *ET AL.*

(18 S. E. (2d), 745)

June 1941.

*Messrs. Lyles & Daniels,* and *Mr. S. R. Watt,* all of
Spartanburg, for appellants,

*Mr. J. Allen Lambright,* of Spartanburg, for respondent,

February 16, 1942.

The opinion of the Court was delivered by MR. ASSOCI-ATE JUSTICE STUKES.

There was a collision of automobiles on a State highway in Spartanburg County, south of Inman, whereby a trailer attached to the car of one Dominick was overturned in front of the home of respondent in this appeal. He and his sons went to the assistance of Dominick and helped him reload the trailer with the baled hay with which it was principally loaded. Some of the hay was scattered over the road and respondent cleaned it up.

The trailer had become uncoupled from the rear of the automobile and as the respondent and others were connecting it, he standing between the trailer and the car, the automobile-defendant approaching from Spartanburg en route to Tryon, the property of the appellant Cantrell, doing business as Cantrell Produce Company and operated by his employee, the appellant Drake, came over a hill or rise in the road and struck the trailer which at least partially again overturned on the respondent. He received serious head injuries, was unconscious for days, and a blow on his shoulder caused other injuries from which he testified that he was still suffering at the time of the trial and had been incapacitated from doing his usual farm work. His surgeon testified that a portion of the bone encasing his brain had been shattered and removed and respondent says that he still suffers from headaches.

The accident occurred in August, at seven o'clock p. m. or after, and the evidence is in conflict as to the visibility, but it is fairly inferable from the testimony that it was not

dark and automobile lights were unnecessary, some witnesses saying that the sun had not set and others that it was dusk; and the parked trailer was on its right shoulder of the road, off the twenty-foot pavement which was left clear for, and used by, passing traffic, including a "big bus." Respondent's evidence is to the effect that it was one hundred and ten steps, approximately three hundred feet, from the crest to the location of the trailer and that the driver of the defendant automobile had a clear view of the latter for a distance of six hundred feet.

The defendant Drake testified to a shorter distance, about one hundred forty feet, and that upon application of the brakes, his car skidded into the trailer on the wet pavement. There was also conflict in the evidence as to how much it had rained and how wet the road was, and its condition as to remnants of the hay and mud from an entering earth road. Plaintiff's witnesses testified that the defendant-automobile was being operated at a high rate of speed. Drake was familiar with the road, traveling it sometimes twice a day at this time, and admitted that he knew the location of the crest and the slight curve beyond it.

No further review of the evidence is necessary to determine that the trial Judge correctly refused defendants' motions for nonsuit and direction of the verdict. The specifications of negligence contained in the complaint included alleged excessive speed and failure to keep a proper lookout and we think that the testimony was susceptible of a reasonable finding that both charges were sustained, so we think there is no doubt that it was properly left to the jury to determine the issues of whether the defendant Drake was negligent and whether the respondent was guilty of contributory negligence and no question is made concerning the Court's instructions thereabout to the jury.

But appellants argue that the respondent voluntarily exposed himself to a known danger when he undertook to assist Dominick on the road, even though he

was on the shoulder, and by placing himself in a position where he could not see an approaching vehicle and without having taken any precaution by signal, he is barred of recovery and they cite the maxim *volenti non fit injuria.* They rely upon the brief but interesting discussion of this subject in 45 C. J., 1043, 1044. We are familiar with the definition of the maxim found in Rawle's 3rd Revision of 2 Bouv. Law Dict., page 3408, as follows: "A maxim meaning literally: No one can enforce a right arising out of a transaction which he has voluntarily assented to. It applies to intentional acts which would otherwise be tortious; consent, for example, to an entry on land which would otherwise be a trespass, or consent to a physical harm which would otherwise be an assault, as in the case of a boxing match or a surgical operation."

But we know of no case in this Court, and have been cited none, where the principle was applied in an automobile collision and certainly we do not think it is applicable to the instant case where the doctrine of contributory negligence is applicable and was charged to the jury and they were properly left to make their finding thereon. Nevertheless we note in the record that appellants requested the Court to charge the following, which he did: "Even though the plaintiff be not guilty of contributory negligence he still could not recover if he voluntarily and knowingly exposed himself to injury from a known and appreciated danger of injury due to the negligence of others. This is sometimes called 'taking the risk.' " To this the Court properly added: "That is true, gentlemen, but I have also instructed you if a man of ordinary prudence and care did no more, you measure the standard of the plaintiff by a man of ordinary prudence and care."

Appellants' final position is that the Court erred in refusing to declare a mistrial upon their motion on account of alleged improper argument to the jury by respondent's counsel. He was interrupted after making the following statement in his closing address: "The case does

not seem to be of such vital importance to the Cantrell Produce Company, since no member of the firm has appeared in this case, but it is vitally important to the defendant (plaintiff?), Fred Powell, since he is here with a permanent injury that money cannot fully repay him for."

We quote the transcript of record relating to this occurrence:

"Mr. Lambright's argument.

"Mr. Watt: Your Honor, we are objecting to counsel saying that this case is not important to the Cantrell Produce Company and C. C. Drake.

"Court: It is important to both. One is as important as the other.

"Mr. Watt: The testimony shows that Drake is an employee of the Cantrell Produce Company and was in this wreck.

"Court: The defendants seem to be Drake and Cantrell, doing business as the Cantrell Produce Company. Drake is a defendant.

"Mr. Lambright: Drake is a salesman for the Cantrell Produce Company.

"Mr. Watt: I would like to make a motion at this time.

"Jury retired.

"Mr. Watt: I wish to make a motion for a mistrial because counsel argued this was not important to Drake and the Cantrell Produce Company. The only meaning to be derived from that argument is that Cantrell is not interested in this case but someone else is going to pay the verdict.

"Court: That is far fetched. Motion denied."

In the light of the many pertinent decisions of this Court, there can be no doubt of its determination to exclude from a trial jury information to exclude from a trial jury information that the defendant in a tort action is protected from liability by insurance. *Horsford v. Carolina Glass Co.*, 92 S. C., 236; 75 S. E., 533. See also *Haynes v. Graham*, 192 S. C., 382; 6 S. E. (2d), 903, in which the principle of the *Horsford case* was recently reaffirmed and applied.

However, we think that in this case plaintiff's quoted argument is not subject to the fair implication of the existence of insurance and that his counsel was within his rights in commenting in argument upon the absence from the trial of the principal defendant. Defendants' counsel was probably over-sensitive upon the point and his knowledge of the existence of insurance made him too quick to infer a meaning from the argument which members of the jury did not obtain.

It is interesting to note that the record clearly indicates that the long experienced trial Judge received no such impression and had to be finally plainly told by defendants' counsel, in the absence of the jury, his interpretation of the argument, which the Court promptly branded as "far-fetched."

Undoubtedly the failure of a defendant to testify, here to attend, at a trial may be the subject of comment by counsel in a civil case. It was succinctly said in *Cheraw Motor Sales Co. v. Rainwater,* 125 S. C., 509; 119 S. E., 237, 239: "The next assignment of error is in allowing the plaintiff's attorney to comment on the fact that the defendant did not go on the stand. This would be error in a criminal case, but not in the civil case." To the same effect are *Dutton v. Atlantic Coast Line Co.,* 104 S. C., 16; 88 S. E., 263 and *Greenville & C. R. Co. v. Partlow,* 14 Rich., 237.

This case is not unlike in this respect that of *Cummings v. Tweed,* 195 S. C., 173; 10 S. E. (2d), 322, 328, in which the representative of the insurer of the defendant took certain pictures at the scene of the collision which were placed in evidence, and the references of plaintiff's counsel to the taker of the pictures as "Mr. X" were contended to raise the implication that there was insurance; but this Court refused to reverse the judgment and said: "But in the case at bar there was no reference whatever to insurance, and we do not think the questions asked * * * could rea-

sonably be construed as relating to insurance." We similarly so conclude in this case.

Incidentally, it may be said that the verdict of the jury does not indicate that they were influenced by any improper regard in this connection, for undoubtedly the plaintiff suffered serious and lasting injuries, his suit was for $25,000.00 actual and punitive damages, but the jury found only actual damages in the amount of $2,600.00.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUS-TICES BAKER and FISHBURNE and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.