15435

MOBLEY v. BLAND AND PENNSYLVANIA CASUALTY COMPANY

(21 S. E. (2d), 22)

October, 1941.

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, Counsel for the Appellant,

*Mr. W. Chester Moore, of Dillon,* Counsel for Respondent,

June 30, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

About the 8th day of July, 1941, the plaintiff, Sherwood Mobley, was the owner of a truck which was being operated by his agent along a public highway in the State of North Carolina. At the same time and place, two trucks, the property of Howard Bland, a resident of Georgia, were being driven by the servants and employees of the said Howard Bland. The plaintiff alleges certain acts of negligence by the operators of the two trucks belonging to Bland, which resulted in one of the said trucks coming into collision with the truck of the plaintiff. Mobley was then, and is now, a resident of the County of Dillon, State of South Carolina. He brought action in the Court of Common Pleas for Dillon County and attached one of Bland's trucks while it was in that county.

The complaint contains the following allegations: "That the defendant Pennsylvania Casualty Company is a corporation organized and operated under the laws of one of the States of the United States and as such is engaged in the writing and issuance of liability insurance  *  *  *. That the defendant Pennsylvania Casualty Company issued and now has outstanding its policy or policies of insurance insuring its co-defendant Howard Bland against 'loss from any liability imposed by law on the said defendant Howard Bland for damages resulting through the operation of said

trucks or either of them, and under said policy or policies the said defendant Pennsylvania Casualty Company is liable to this plaintiff along with its co-defendant Howard Bland for the damages sustained by the plaintiff * * *."

Under this allegation, the Pennsylvania Casualty Company was made a party defendant, and service was attempted to be had upon it by serving the summons and complaint upon the Insurance Commissioner of this State, and thereafter, by serving the summons and complaint upon an agent of the Casualty Company in the County of Dillon, in the State of South Carolina.

The Pennsylvania Casualty Company, appearing solely for that purpose, made a motion before the Honorable E. C. Dennis, presiding Judge, to set aside the service and to dismiss the complaint in the action for want of jurisdiction upon the grounds:

"1. That the cause of action did not arise in South Carolina nor is the subject of the action situate within this State, and the defendant is a foreign corporation.

"2. That it appears from the complaint that the subject of the action is an alleged tort committed in the State of North Carolina

"3. * * * The said Insurance Commissioner has no power to bind the defendant with respect to the service of process upon a cause of action of the character described in the complaint based upon a tort committed outside of the State of South Carolina and to hold otherwise would deprive this defendant of its property without due process of law in violation of the Fifth Amendment to the Constitution of the United States, and deny to this defendant the equal protection of the laws and deprive it of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States."

The defendant Casualty Company also demurred to the complaint upon the following grounds:

"1. That the complaint shows that the cause of action did not arise in the State of South Carolina; that the subject

of the action is not situate within this State; that it does not appear that defendant is a corporation organized under the laws of this State, and since it appears from the complaint that the alleged delict occurred outside of the State of South Caroina this Court has no jurisdiction over this defendant.

"2. That there is a misjoinder of causes of action in the complaint, in that it appears that the plaintiff is undertaking to assert a cause of action against the defendant Howard Bland arising out of an alleged tort committed in the State of North Carolina and against this defendant upon an alleged contract whereby it insured the said Howard Bland against loss from liability imposed by law on the said Howard Bland for damages resulting from the operation of the automobile trucks referred to in the complaint.

"3. That the complaint fails to state any cause of action against the defendant, in that it does not appear that plaintiff has any rights under the policy of insurance issued by this defendant to the defendant Howard Bland insuring him against loss from any liability imposed by law."

The motions to set aside the service upon the insurance commissioner of the State, and upon an agent of the defendant casualty company in Dillon County, South Carolina, were denied by Judge Dennis, and the demurrer was overruled.

From the orders refusing to set aside the service and overruling the demurrer, the defendant, Pennsylvania Casualty Company, alone appealed upon seven exceptions, which counsel for appellant have grouped under the three following questions:

"1. Is a foreign, domesticated insurance company, on a cause of action arising out of the state, properly served by delivering a copy of the summons to one of its local agents in the state?

"2. Does the complaint set forth a cause of action on a contract of indemnity against liability? (Exception 7.)

"3. Can a suit in tort and one in contract arising in another state be joined in South Carolina in the face of foreign statute to the contrary?"

The issue made by the first question was held by Judge Dennis, in his decree, to be governed by the decision of this Court in the case of *Lipe v. Carolina, C. & O. Railway Company,* 123 S. C., 515, on page 523, 116 S. E., 101, on page 103, 30 A. L. R., 248, in which it was held:

"The conclusive answer to that question is found in Section 461 of the Code of Civil Procedure of 1912 [Section 826 of the Code of 1932], providing that—

"'An action against a corporation created by or under the laws of any other state, government, or country, may be brought in the Circuit Court (1) by any resident of this state, for any cause of action, (2) by a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated, within this state.'

"The language of the statute, conferring the right upon any resident to bring an action in the Circuit Court against a foregn corporation 'for any cause of action', and limiting the right of action of a non-resident, is too clear to require interpretative comment. The plaintiff, a resident of the state, was entitled to sue upon her transitory cause of action arising in the state of North Carolina, and the Circuit Court was invested with jurisdiction to try the cause. Obviously, if the service of process was otherwise sufficient to give the Circuit Court jurisdiction of the person of the defendant, the service was not invalidated or rendered nugatory by reason of the fact that the plaintiff's cause of action arose without the state."

It is true that the *Lipe case, supra,* involved "an action against a corporation created by or under the laws of" another State, and that case, which was concerned with a Virginia railroad corporation, properly fell within the terms of Section 826 of the Code of Laws for 1932.

In the case at bar, we are concerned with a "foreign insurance company," under Section 7964 of the Code of Laws of South Carolina for 1932, from which we quote: "Every foreign insurance company shall, before being licensed, appoint in writing the insurance commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the company, and that the authority shall continue in force so long as any liability remains outstanding in the State. * * * Service shall only be made upon such attorney, must be in duplicate and shall be deemed sufficient service upon such company. * * * "

The *Lipe case,* which did not involve a foreign insurance company, was, in our opinion, quite properly governed by Section 826 of our Code, for it dealt with a foreign corporation which was other than a foreign insurance company, and therefore is entirely distinguishable from the case now under consideration. Furthermore, the *Lipe case* was decided in the year 1923. Even if it should contain any implication that the manner of service, proper in that case, should apply here, such implication is overcome by the far more recent case of *Murray v. Sovereign Camp, W. O. W.,* 192 S. C., 101, 5 S. E. (2d), 560, which was decided by this Court sixteen years thereafter in the year 1939. We quote from page 108 of that opinion in 192 S. C., page 562 of 5 S. E. (2d) : "We hold, therefore * * * that service on foreign insurance companies as provided for in Section 7964 of the Code of 1932 is exclusive, and that service made in any other way upon such corporations is invalid. Any holding or ruling of the Court in the case of *Lucas v. North Carolina Mutual Life Insurance Company, supra* [184 S. C. 119, 191 S. E., 711], to the contrary is hereby expressly overruled."

And on page 109 of the same opinion in 192 S. C., on page 563 of 5 S. E. (2d), we find: " * * *, the Courts are practically uniform in holding in such cases that the method of service designated in the Statute is exclusive, and that service may not be had upon any other agent of the corporation."

In view of the disposition which we shall make herein of other questions raised by the appeal, it is not necessary to take up and decide the question of service in this case, but it is well to remark, in passing, that the Murray case, whose authority is more recent by so many years, and which, so far as foreign insurance corporations are concerned, is directly contrary to the *Lipe case,* governs the method, under Section 7964 of the 1932 Code, by which foreign insurance corporations are to be exclusively served.

In our judgment, the question of prime importance for disposition in this case is whether his Honor erred in his interpretation of the North Carolina case of *Williams v. Frederickson Motor Express Lines, Inc., et al.,* 195 N. C., 682, 143 S. E., 256. After citing the North Carolina case of *Brown v. Brevard Auto Service Company et al.,* 195 N. C., 647, 143 S. E., 258, and after stating in his supplementary order that the *Brown case* "leaves no doubt that the rule in that state is as contended by defendants," Judge Dennis makes the following statement: "However, in a similar case which seems to have been filed at the same time as the *Brown case* (referring to the case of *Williams v. Frederickson Motor Express Lines, supra)* that Court held that the statute upon which the ruling in the *Brown case* was based is in its nature merely remedial. Hence it would not be controlling in an action brought in another state on a cause arising in North Carolina."

We cannot agree with his Honor in his interpretation of the *Williams case,* from which we quote on page 257 of 143 S. E.: "The defendant demurred on the ground that this joinder was prohibited by section 6 of chapter 136 of the Public Laws of 1927, the court below overruled the de-

murrer, and the defendants appealed to this Court. We think the demurrer should have been sustained."

And again, on the same page, the North Carolina Court held in that case: "Under the facts and circumstances of this case, we must hold that the statute prohibits the joinder of the assurer and the assured."

Public Laws 1927 (North Carolina), c. 136, Section 6, provide: "In any action in the Courts arising out of damage to person or property, the assurer shall not be joined in the action against the assured; but upon final judgment against the assured, the assurer shall be liable within the limitations of the policy for the amount recovered and all court costs."

The foregoing section of the North Carolina statute is cited with approval in the *Williams case, supra.*

We cannot agree with his Honor in his conclusion that the ruling of the North Carolina Court is in its nature merely remedial. We think it clear, under the North Carolina statute, and under the *Williams case,* and under the *Brown case,* that the assured and the assurer cannot be joined in the same action in a case of this kind. In the latter case the North Carolina Court said, at page 258 of 143 S. E.: "The several defendants also demurred for misjoinder of both parties and causes of action. The demurrers were overruled. In this we think the court below erred."

We think that the *Brown case,* and the North Carolina statute, *supra,* establish the North Carolina law on this question.

Proceeding further, the Circuit Judge stated in his supplementary order: "In any event our own Supreme Court in the case of *Andrews v. Poole,* 182 S. C., 206, 188 S. E., 860, cited in the previous order, seems to have settled the matter in favor of a joinder. It is true that this case has since been modified in certain particulars, yet there is no indication that its authority on this particular point has been disturbed."

In our opinion, the *Andrews case* has no application here. In that case the trial Judge, whose ruling was affirmed by this Court, stated (quoting from page 211 of 182 S. C., page 862 of 188 S. E.) : "Gentlemen, I am going to let the case go to the jury, and I think I will state my ruling right here now. I am not going to put it on any grounds that I think are doubtful; in the first place I am satisfied that the statutory provisions of this state have no application, no force and effect in this suit, because this is a suit for damages sustained by the plaintiffs, who are not only nonresidents of the state, but have a cause of action which arose beyond the limits of the state; and therefore, the plaintiffs have no protection under the statute law of this state. However, the policy which is in evidence in writing must be construed by the court; *  *  *."

The Circuit Judge then proceeded to construe the policy which, in that case, had been placed in evidence. In the instant case, the policy does not form a part of the record now before the Court. It is not in evidence, was not before the trial Court, and is not before this Court, and it is impossible for the Court to determine, as was done in the *Andrews case,* whether it is a "liability insurance policy" or "merely a policy of indemnity against loss." Furthermore, in the *Andrews case,* his Honor, Judge Gaston, expressly stated that he was not relying on the statute, but that he was relying solely on the contract of insurance, which was before him for interpretation.

The cause of action in the present case arose in North Carolina, and even if it should be admitted that it can be tried in this State, we think that it must be tried in accordance with the law of North Carolina, whose object is that the jury should not be influenced by the fact that the defendant has insurance. Our own Court has repeatedly refused to permit it to be shown that the defendant carries insurance, lest the jury be influenced thereby.

The fact that this action is governed by the *lex loci,* rather than by the law of the forum, is well supported by the case

of *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Company.* 160 S. C., 441, on page 450, 158 S. E., 824, on page 827, in which this Court said:

"Many attempts to differentiate the meaning of the terms 'cause of action' and 'subject of action' occur in the law books. None of them more clearly states that difference than does Bliss on Code Pleading (3rd Ed.), 214, quoted with approval in our case of *Columbia National Bank v. Rizer,* 153 S. C. [43], at page 55, 150 S. E., 316, 320, 68 A. L. R., 443:

" 'The cause of action has been described as being a legal wrong threatened or committed against the complaining party; and the object of the action is to prevent or redress the wrong by obtaining some legal relief. The subject of the action is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the court, nor is it that which the Court is asked to do for him, but it must be the matter or thing, differing, both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this, is ordinarily, the property, or the contract and its subject-matter, or other thing involved in the dispute.' * * *

"Another clear and succinct definition of the words 'subject of the action' is found in the case of *Humbert v. Brisbane,* 25 S. C., 506; we quote:

" 'Exactly what is meant by the words, "subject of the action," as used in the code does not seem to be very clearly defined in any judicial decision which has come under our notice. Mr. Pomeroy, who is regarded as a standard authority in the construction of the Code, in his valuable work on Remedies, at page 800, Section 775, after stating some of the different constructions which have been placed upon these words, uses this language:

" ' "It would, as it seems to me, be correct to say in all cases legal or equitable, that the 'subject of action' is the plaintiff's main primary right which has been broken, and by means of whose breach a remedial right arises." ' "

In the case of *Hodges v. Lake Summit Company,* 155 S. C., 436, 152 S. E., 658, the plaintiff, a resident of South Carolina, sued the defendant, a North Carolina corporation, situated in that State, on the notes made payable to another North Carolina corporation, also situate in that State. The notes had been assigned to plaintiff as trustee. The question of jurisdiction arose in the trial of the case. This Court said thereabout, 155 S. C., on page 444, 152 S. E., on page 661 : "It does not follow as a matter of course that the court had jurisdiction of the subject-matter of the controversy for the reason simply that it had jurisdiction of the person of the defendant. In order to accord to the court jurisdiction of the entire case, it must appear that its jurisdiction of both the person of the defendant and the subject-matter cannot be questioned."

See, also, the case of *Knight et al. v. Fidelity & Casualty Company of New York,* 184 S. C., 362, 192 S. E., 558, in which the *Ophuls* and the *Hodges cases* are both discussed with approval by this Court.

In the case of *Thompson v. Queen City Coach Company, Inc., et al.,* 169 S. C., 231, on page 240, 168 S. E., 693, on page 697, this Court said: "In the case here there is no cause of action against the sureties except that arising out of the delict of the bus companies. As we have already shown, the court has no jurisdiction of the subject of the action in so far as the bus companies are concerned; it follows that it can have no jurisdiction of the case, and hence cannot entertain the action against the sureties."

In the case of *Salway v. Maryland Casualty Company,* 176 S. C., 215, on page 223, 179 S. E., 787, on page 791, this court said: "The cause of action in this case did not arise in this state, nor is the subject of the action situated within this state. It follows that the court never acquired jurisdiction of the defendant, and erred in overruling defendant's motion to dismiss the complaint, and erred in assuming jurisdiction and trying the case."

This Court has also held, in the case of *Cox v. Employers Liability Assurance Corporation, Limited, London, England, et al.,* 191 S. C., 233, at page 235, 196 S. E., 549, at page 550: "We hold that one who alleges injury due to the negligent operation of a motor vehicle which is privately owned and privately used, and not used as a common carrier, may not unite in his complaint a cause of action in tort against the owner and operator of the motor vehicle with a cause of action on a contract of liability insurance carried by the owner of the motor vehicle."

In the present case it is not known what kind of insurance contract was issued by the insurer to the owner of the trucks, nor is it ascertainable from the complaint in the case whether or not the defendant, Bland, was operating as a common carrier.

We think that the Pennsylvania Casualty Company was improperly joined as a party defendant, and that its demurrer should have been sustained. The exceptions in that respect are sustained, and the judgment reversed.

Mr. Associate Justice Baker and Circuit Judge Wm. H. Grimball, Acting Associate Justice, concur.

Messrs. Associate Justices Fishburne and Stukes dissent.

Mr. Associate Justice Baker (concurring).

This concurring opinion is written as complementary to the opinion of the Chief Justice.

The first question involved in this appeal is whether a domesticated foreign insurance company can be properly served by delivering a copy of the summons to one of its local agents in this State on a cause of action arising out of the State.

Judge Dennis held that jurisdiction of the appellant was obtained through service made upon appellant's local agent at Dillon and not by service of the papers as provided in Section 7964, Code of Laws of South Carolina, 1932, Volume III; further holding that this Section does not apply to

this cause of action, because it arose out of the State. No appeal having been taken by respondent from this ruling it becomes the law of the case and it necessarily follows that if the service on the local agent is not good then jurisdiction of the appellant has not been acquired, and its motion to dismiss should be sustained.

In the case of *Murray v. Sovereign Camp, W. O. W.,* 192 S. C., 101, 5 S. E. (2d), 560, 562, as referred to and quoted from in the opinion of the Chief Justice, it was held: "We hold, therefore, in view of the history of the legislation above pointed out, and of the deliberate insertion by the Legislature, in the light of the facts before it, of the word 'shall' in the act of 1917, that service on foreign insurance companies as provided for in Section 7964 of the Code of 1932 is exclusive, and that service made in any other way upon such corporations is invalid.  *  *  * "

In view of the fact that Section 7964 provides the exclusive method of service of process upon a foreign insurance company, it follows that Judge Dennis was in error in sustaining as valid the service of the summons upon appellant's local agent at Dillon.

The determination of the validity of service as prescribed in Section 7964 upon a domesticated foreign corporation, by delivering the summons to the Insurance Commissioner, on a cause of action arising out of the State, becomes unnecessary since respondent did not appeal from Judge Dennis' ruling in respect thereto, or ask for affirmance upon any additional ground. *Burkhalter et al. v. Townsend,* 160 S. C., 134, 158 S. E., 221; *Baker v. Hartford Fire Insurance Company,* 195 S. C., 373, 11 S. E. (2d), 434.

The second question is whether the complaint sets forth a joint cause of action against the appellant, which is determined by the subsidiary question whether the allegations thereof set forth a contract of indemnity against liability or a contract of indemnity against loss.

The complaint alleges: "That the defendant, Pennsylvania Casualty Company, issued and now has outstanding its policy

or policies of insurance *insuring its co-defendant, Howard Bland, against loss* from any liability imposed by law on the said Howard Bland for damages resulting through the operation of said trucks, or either of them." (Italics ours.)

The Court is not at liberty to consider the allegations in the affidavit supporting the attachment since this affidavit is not incorporated in the Transcript of Record, but we may assume that the complaint was considered to be amended by alleging that at the time of the collision Bland was operating his truck as a common carrier, as it so appears from Judge Dennis' original order. The fact that Bland was operating as a common carrier does not affect the situation. He is a resident of Georgia, and our statutes relating to common carriers have no application. The language of the complaint alleges "a contract insuring * * * Howard Bland, against loss from any liability imposed by law" which is a contract indemnifying Howard Bland against loss, and not a contract of indemnity against *liability*. It insures Bland against Bland's loss. The case of *Cox v. Employers Liability Assur. Corporation,* 191 S. C., 233, 196 S. E., 549, is authority for the proposition that a plaintiff may not unite in a complaint such a cause of action with a cause of action in tort against the owner and operator of the motor vehicle.

In *Piper v. American Fidelity & Casualty Company,* 157 S. C., 106, 154 S. E., 106, 108, the Court said: "From the terms of the act of 1925 and of the contract of insurance as set forth in the complaint, I think it is clear that the contract provides for indemnity against *liability* and not simply against *loss*. The act specifically requires 'liability' insurance, which shall be a policy 'insuring or indemnifying passengers * * * receiving personal injury by reason of any act of negligence' on the part of the insured; the contract binds the insurer to pay such an amount as the owner of the insured car may be held bound for, on account of bodily injury to any person, passenger, or other than the insured. The *payment* by the insured is not logically a con-

dition precedent to his liability to the injured person, and consequently not so to the obligation to the company to him."

A consideration of this case, and of *Benn v. Camel City Coach Company,* 162 S. C., 44, 160 S. E., 135, leads definitely to the conclusion that the Court construed the policies in the light of the statute, requiring motor carriers to procure liability and property damage insurance or surety bond for the benefit of passengers and the public receiving injuries through negligence by common carriers in the operation of their motor vehicles. The case of *Andrews v. Poole,* 182 S. C., 206, 188 S. E., 860, is not out of harmony with this conclusion, especially as explained in *Cox v. Employers Liability Assur. Corp., supra.* The terms of the policy involved in that case were such as to make the insurance company liable to third persons apart from any statutory requirements as to furnishing liability insurance. The determination of the question in this case must be under common-law principles, unaided by statutory requirements. It does not appear in the record in this case that Georgia requires common carriers to furnish contracts against liability for the benefit of passengers and third persons. The language in the complaint is not susceptible of the interpretation that third parties are protected by the policy referred to. It is insurance against Bland's loss, not Bland's legal liability, to third persons.

The demurrer admits only the facts alleged in the complaint but not any factual or legal conclusions. It was obligatory upon the plaintiff to allege facts showing that the contract was one insuring persons damaged by the negligence of Bland or his agents in the operation of the trucks. The allegations of the complaint are not only insufficient to show that plaintiff was protected by the insurance, but on the contrary shows that it was insurance against Bland's loss resulting from legal liability to third persons that was indemnified against. Appellant had no right to have the terms of its policy of insurance considered on demurrer, and

no inference can be drawn as to its terms, except those naturally arising from the allegations of fact in the complaint.

The third question involves the applicability of statutes of North Carolina that do not have any extra-territorial effect, and should play no part in the decision of this case. However, it is not amiss to comment that, under the statutes of North Carolina, the plaintiff would not be permitted to join in this case the causes of action against the appellant and Bland, owner of the motor vehicles involved.

For the reasons set forth in the discussion of the first two questions, the orders of Judge Dennis should be reversed, and the attempted service of process upon the appellant dismissed, and the demurrer to the complaint sustained.

Mr. Associate Justice Stukes (dissenting).

I regret that I do not agree with the reasoning of the Chief Justice and the conclusions reached by him in this case.

In the first place, it is stated at the end of the opinion that it is not ascertainable from the complaint whether the defendant was operating as a common carrier. But there is more in the record upon this subject than is contained in the complaint and I do not think it can be omitted from consideration for it was a part of the basis of the decision of the Circuit Court.

In the order there Judge Dennis said, at folio 54 of the transcript: "While the complaint does not allege that at the time of the collision Bland was operating his truck as a common carrier, yet the affidavit in the attachment proceeding does so state and at the argument the defendant admitted this fact and stated that the complaint should be amended in this particular. Therefore the complaint should be considered as so amended. If as we have already concluded, an action of this nature can be maintained against a foreign corporation on a cause originating out of the state, then there would seem to be no good reason why the Casualty Company could not be joined with the defendant Bland in this action. The complaint alleges a cause of action against the defendant

Bland for the negligent operation of the truck and resulting damages while engaged in the business of a common carrier and against the defendant Casualty Company as an insurer of Bland against loss from liability."

Furthermore it is stated in the brief of appellant:

"By agreement, it was considered that the complaint be amended by including allegations in the affidavit for attachment as follows:

" 'That at the time of the loss and damage above described the defendant Bland was engaged in the transportation of goods, wares and personal property for hire as a common carrier * * * (and) the Pennsylvania. Casualty Company had issued and had in force a policy or policies of insurance insuring the said Howard Bland against loss from liability imposed on him by law for damages resulting from the operation of the two trucks above described.

Thus I think we are bound to consider the record in accord with the foregoing quotations; that it was alleged by amendment of the complaint that Bland was operating as a common carrier at the time of the collision which gave rise to the litigation.

On that premise, can Bland's insurer "against loss from liability imposed on him by law," etc., be joined as a defendant in this action?

It is perfectly settled that an insurer against liability of a motor vehicle or its owner or operator engaged in private business or pleasure cannot be made a defendant in the Courts of this State in an original action for damages. *Cox v. Employers Liability Assurance Corp.,* 191 S. C., 233, 196 S. E., 549; *Powell v. Drake et al.,* 199 S. C. 212, 18 S. E. (2d), 745, filed February 16, 1942.

However, I think that it is equally well-settled in this Court that the insurer of a common carrier may be joined as a defendant with the carrier in an action for damages for the latter's negligence. *Piper v. American Fidelity & Casualty Company,* 157 S. C., 106, 154 S. E., 106, and subsequent similar cases. And I do not think that this rule, reme-

dial which it is, is dependent for its existence upon a statute requiring common carriers to carry insurance. Study of the *Piper* and subsequent cases discloses that the joinder is permitted because the insurance is procured for the benefit of passengers, owners of freight and the public generally. The statute in question is now Section 8511, of the Code of 1932. It will be searched in vain for any provision that the insurer may be sued, how or when; and the basis of the decision in the *Piper case* was the insurance is for the benefit of the public, hence the right of any member of the latter to sue upon it.

The truth of the situation is, as I see it, that a common carrier is using the public highways in a public business, and any injured member of the public, whose protection was sought by the carrier by the procurement of the insurance, is entitled to sue the insurer against liability. In contrast, a private vehicle owner procures insurance for his own protection, if at all.

In the case of *Andrews v. Poole,* 182 S. C., 206, 188 S. E., 860, 863, which involved an accident in the State of Virginia and action was brought in this State by a non-resident against a resident carrier and his non-resident insurer, it was said that the statute might be disregarded and that "if a casualty company issues a policy of liability insurance then any party injured would have a beneficial interest under that policy and could sue in South Carolina, because the other defendant resides here; and necessarily the plaintiff has to sue where the defendant resides or where they can obtain jurisdiction." In this case the plaintiff is a resident of Dillon County of this State and the defendant Bland, according to the record, "voluntarily submitted to the jurisdiction of the Court" after attachment in this action of one of his motor trucks while it was in Dillon County, although it appears that he is a resident of the State of Georgia; he has not appealed. So there appears to be no material difference between the facts of this case and those in *Andrews v. Poole.* There the carrier was a South Carolina resident; here he

voluntarily submitted himself to the jurisdiction of our Court.

It did not appear expressly in the report of the decision in the *Andrews case* that Poole was a carrier and it was thereafter attempted, on the supposed authority of that decision, to sue the insurer for the negligent operation of a privately owned and privately used motor vehicle in *Cox v. Employers Liability Assurance Corporation, supra,* which right this Court denied, and expressly limited the authority of *Andrews v. Poole,* to cases involving common carriers. It was there said [91 S. C., 233, 196 S. E., 550] : "We hold that one who alleges injury due to the negligent operation of a motor vehicle which is privately owned and privately used, and not used as a common carrier, may not unite in his complaint a cause of action in tort against the owner and operator of the motor vehicle with a cause of action on a contract of liability insurance carried by the owner of the motor vehicle."

It seems to me that this carries the clear implication that there may be united in a complaint a cause of action against the owner and operator of a motor vehicle and a cause of action on a contract of liability insurance when the owner or operator is a common carrier, as is the case here. Upon petition for rehearing of the *Cox case* it was unequivocally said by the Court that *Andrews v. Poole,* "is now authority only in cases involving common carriers." I think it is indisputable that the instant case is such under the record by which we are bound; it is a case involving a common carrier and is, therefore, ruled by *Andrews v. Poole.*

There is nothing novel in permitting a plaintiff to sue directly upon an insurance contract which may fairly be held to have been procured for his benefit although he is not a party to it, as for instance, the beneficiary of a life policy. Suits upon construction bonds by laborers and materialmen also constitute a common illustration. *Mack Mfg. Co. v. Massachusetts Bonding and Ins. Co.,* 103 S. C., 55, 87 S. E., 439, is a case in point, where the forceful opinion of

this Court was delivered by Mr. Justice Gage. Another is *Caldwell v. Carroll,* 139 S. C., 163, 137 S. E., 444, cited with approval in the *Piper case,* where suit for tort was allowed against the surety upon a county road construction bond. In the concise opinion by Mr. Justice Watts, by which demurrers were overruled, it was said that the terms of the bond of the surety would show the extent of its liability and that the negation of liability under such is a matter of defense and cannot be determined by demurrer.

The latter describes the situation, I think, in this case. The complaint alleges that the appellant issued its policies whereby it insured Bland "against loss from any liability imposed by law on the said defendant Howard Bland for damages resulting through the operation of said trucks, or either of them, and under said policy or policies the said defendant Pennsylvania Casualty Company is liable to this plaintiff along with its co-defendant Howard Bland for the damages sustained  *  *  *." The language "loss from any liability" is practically the identical language of *Andrews v. Poole,* and it is admitted in this case by the demurrer, whereby the case is brought within the rule of the latter, and the policy as described in the complaint is one of liability and not merely of indemnity of Bland who would in the case of the latter have to first suffer an actual loss by payment before liability of the insurer would arise.

Appellant might have produced a copy of its policy or policies at the hearing for construction by the Court, to which I doubt if respondent would have objected, but it did not do so and is now bound under its demurrer by the allegations of the complaint, which latter I think state a cause of action against the surety under the *Andrews-Poole case,* the authority of which is expressly preserved *(Cox case, supra)* in cases involving carriers, as has been pointed out.

But appellant argues that plaintiff's injuries were sustained in North Carolina and under the law of that State he would be confined first to a suit against Bland, so he cannot join the insurer here. The law in North Carolina

upon the subject was submitted to the Court below and to this Court in two decisions of the Supreme Court of that State, both reported in 143 S. E., at pages 256 and 258, respectively, to wit, *Williams v. Frederickson Motor Express Lines,* 195 N. C., 682, and *Brown v. Brevard Auto Service Co.,* 195 N. C., 647. These cases hold in substance that the pertinent statute of North Carolina, then in effect, prevented the joinder of the carrier and the insurer in one action, pointing out the history of the law in that state to be that it had been held that such joinder was permissible *(Harrison v. Southern Transit Corporation,* 192 N. C., 545, 135 S. E., 460), but the Legislature of the state, evidently intending to change the rule of the *Harrison case,* enacted a statute providing that suit could be entertained against the insurer only after procurement and failure to collect a judgment against a carrier. But as pointed out by Judge Dennis, the very effect of these decisions is to clear the way for the joinder in one action of the carrier and his insurer in this State, for the North Carolina Court in the *Brown case* very clearly held that the North Carolina statute upon the subject merely affected the remedy by providing a different method for enforcing the right of action; in other words that the law was not substantive but remedial. It is needless to cite authority for the postulate that there is no higher authority in the construction of the statute of a state than the highest Court of that state.

I think then, granting that the plaintiff in this action, had he gone across the State line and commenced it in North Carolina, could at first have sued only the carrier, the defendant Bland, his inability to join Bland's insurer would have been due only to the law of the remedy afforded in North Carolina, and when he chose to bring his suit in his home State of South Carolina he is entitled to the full remedy afforded by the laws of this State.

"It is a general rule that the law of the forum determines the proper parties to suits." 11 Am. Jur., 500. "Questions relating to parties to an action generally belong to the form

of the remedy rather than to the right * * * and such questions are decided by the application of the *lex fori*. *** The *lex fori determines the joinder of parties."* 15 C. J. S., Conflict of Laws, § 22, page 952.

The converse of the situation here presented was present in *McArthur v. Maryland Casualty Company*, 184 Miss., 663, 186 So., 305, 120 A. L. R., 846, which is a well-reasoned decision in 1939 by the *en banc* Supreme Court of Mississippi and it was held that the law of the forum applied to the question of whether the insurer could be joined with the insured in a suit upon a collision which occurred in the State of Louisiana, where such joinder was permitted, but not being permitted by the law of Mississippi, the joinder was refused; the opinion is, I think, considered and convincing upon the point and it contains numerous citations which need not be here repeated. "Whether an insurer can be joined with the insured in an action to recover damages as a result of an automobile collision is a question of procedural law as to which the law of the state in which the action is brought controls.—*Oertel v. Williams, supra* [214 Wis., 68, 251 N. W., 465]." Quoted from footnote, 15 C. J. S., Conflict of Laws, § 22, page 952.

In 2 Bouv. Law Dict., Rawle's Third Revision, page 1940, many authorities are cited for these lucid statements: "The *lex fori* is to decide who are proper parties to a suit;" and: "The *lex fori* governs as to the nature, extent, and character of the remedy."

We are not without authority of this Court for the foregoing principle, that the *lex fori* governs the remedy. The literally learned opinion in *Sawyer, Wallace & Co. v. Macaulay*, 18 S. C., 543, was delivered by then Chief Justice Simpson, who cited earlier South Carolina decisions, and on pages 549 and 550 of the report is found his illuminating discussion of the subject, in which it was said: "The underlying principle is that the *lex fori* shall govern as to the remedy and its enforcement * * *."

Appellant excepts to the overruling of its special appearance to contest the jurisdiction of the Court and takes what to me is a startling position, set forth in its first exception, that there is no method of acquiring jurisdiction of it by the Courts of this State upon a cause of action which arose without the State. It argues that under the decision of this Court in *Murray v. Sovereign Camp W. O. W.*, 192 S. C., 101, 5 S. E. (2d), 560, jurisdiction of a foreign insurance company can be obtained only by service of process upon the State Insurance Commissioner pursuant to Section 7964 of the Code of 1932, and that section is applicable only to causes of action arising within the State, which position appears to me to be in the teeth of Section 826 of the Code of 1932, which provides that a foreign corporation may be sued in the Courts of this State "by any resident of this State, for any cause of action." And if the latter provision of the Code could possibly need clarification it is provided by the following subdivision, (2), that a non-resident may also sue a foreign corporation in our Courts, "when the cause of action shall have arisen, or the subject of the action shall be situated, within this State."

With reference to this Code section, then 461 of the Code of 1912, the eminent Justice Marion said in the *Lipe case, infra,* at pages 523 and 524 of 123 S. C., at page 103 of 116 S. E., 30 A. L. R., 248: "The language of the statute, conferring the right upon any resident to bring an action in the Circuit Court against a foreign corporation 'for any cause of action', and limiting the right of action of a nonresident, is too clear to require interpretative comment. The plaintiff, a resident of the state, was entitled to sue upon her transitory cause of action arising in the state of North Carolina, and the Circuit Court was invested with jurisdiction to try the cause. Obviously, if the service of process was otherwise sufficient to give the Circuit Court jurisdiction of the person of the defendant, the service was not invalidated or rendered nugatory by reason of the fact that the plaintiff's cause of action arose without the state. The power of the

state 'to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory action not arising in the state' is not open to question. See *Missouri Pac. R. Co. v. Clarendon B. O. Co., supra* [257 U. S., 533, 42 S. Ct., 210, 66 L. Ed., 354]; *Best v. [Seaboard Air line] Ry., 72* S. C. [479] 482, 52 S. E., 223; 14a C. J., 1384, §4100."

The language of Judge Dennis in disposing of this question is interesting:

"The contention of the defendant here would deny the right of the plaintiff to obtain jurisdiction by service on the insurance commissioner on the ground that under the *Lipe case* (123 S. C., 515, 116 S. E., 101 [30 A. L. R., 248] it would violate the due process clause of the Federal Constitution, and at the same time he challenges the validity of the service on the local agent of the defendant on the ground that the method provided by Code Section 7964 is exclusive. The logical and practical result of this reasoning would be to deny the right of the plaintiff to bring an action against a foreign insurance company on a cause of action arising out of the state. It may be noted here that while the *Lipe case* did not involve the question of service on an agent designated by a·statute and the discussion of that question in that opinion was somewhat incidental, yet the reasoning and authority cited strongly suggest that the efficacy of such a method of service should be limited to causes of action arising within the state. Therefore granting this limitation, then clearly the provision of Section 7964 should be regarded as applying only to local causes of action or actions arising in the state. Consequently, the service made on the local agent of the Casualty Company in this state is valid and sufficient to obtain jurisdiction."

It will not be gainsaid that a "foreign" insurance company may obtain jurisdiction of and sue a resident of this State upon a transitory cause of action originating in another state, but it is contended that the converse is not true. It seems to me that to state the proposal is to answer it in the

negative and I do not think that the decisions of this Court can fairly be interpreted to render the Court so impotent.

In the consideration of the problem now before the Court it must be kept in mind that we have the unusual situation of completed service upon the appellant by two methods. When it questioned the effectiveness of service upon the insurance commissioner under Section 7964, the plaintiff procured service upon a local agent of the appellant in Dillon County so that it need not be decided in this appeal which method of service was proper and effective, if it be determined that one or the other was. The able Circuit Judge held that service upon the local agent was effective which need not be expressly affirmed or reversed for it is well and universally recognized in the law of appeals that if the trial Court reached the correct decision it matters not upon what ground it was put.

The Chief Justice suggests that the law of the *Lipe case* has been superseded by that of the decision in the *Murray case,* but I do not think so. That exhaustive research and careful consideration was given to the problem in the *Lipe case* is evidenced by the opinion of the Court by Mr. Justice Marion. It involved a cause of action which arose in North Carolina against a Virginia corporation which was doing business in this State and had agents here, upon one of whom process was served, although it had not complied with the formality of "domestication". The facts then are similar to the instant case except that the non-resident defendant was in that case a railroad corporation while here it is a non-resident insurance company which has "domesticated" and is doing business in the State.

The opinion of the Court in the *Murray case,* involving a cause of action which originated in the State, was delivered by the sound and careful Chief Justice Stabler and the result of the opinion was stated to be that a foreign insurance company can be served only under Section 7964 of the Code by delivery of process to the insurance commissioner, and the painstaking writer of the opinion set forth at the end

474

that Section 434 is the general law regulating service of process upon foreign corporations, which Section 7964 did not repeal, but merely created an exception thereto with reference to insurance companies; but it was indicated on high authority in the *Lipe case* that such form of statutory substituted service related only to service of process in actions arising within the State, so it may be logically held, and in harmony with these decisions, that Section 7964 creates an exclusive method of service of foreign insurance companies upon causes of action arising within the State, and this in effect is what Judge Dennis held. With that I agree.

So in this case against a foreign insurance company, involving a cause of action which arose without the State, the plain provisions of Section 434 seem to be applicable,— that service may be made upon a foreign corporation by delivery of process personally to any agent thereof,—and I think it should be so held.

It is impossible for me to believe that Chief Justice Stabler intended in writing the decision in the *Murray case* to encroach upon the authority of the *Lipe case* which was not mentioned. And meanwhile that able justice had written the decision of the Court in the case of *Thompson v. Queen City Coach Company,* 169 S. C., 231, 168 S. E., 693, 697, in which he referred at length to the *Lipe case* and approved it in strong language, saying: "The decision is well reasoned, firmly fortified by authority, and sound * * *." Incidentally, in that case, which was a suit against certain carriers and their sureties, it was held that the court lacked jurisdiction over the latter and could not try the case because the carriers were not within the jurisdiction of the Court. Applying that decision to the facts before us, I think it is clear authority for jurisdiction in this case because here the carrier is voluntarily within the jurisdiction of the Court, as has been mentioned.

One of the exceptions of the appellant is to the effect that maintenance of the suit against it would be a denial of the equal protection of the law and a deprivation of its property

without due process of law, in violation of the Federal Constitution, but the point was not argued and may, therefore, be deemed to have been abandoned. It may be said, however, in passing, that should the appeal prevail I think offhand that rather than as contended, it would be more of a deprivation of the property of plaintiff if he be thereby denied the right to sue in the Courts of his State upon his cause of action against an insurance company domesticated and doing business in this State because forsooth his cause of action originated across the boundary line of the State, which happens by unimportant coincidence to be also the boundary of the county of his residence.

It is noted that the defendant Bland is a resident of Georgia, the collision occurred in the State of North Carolina and one of his truck carriers was attached in the action in this State, whereupon he made his voluntary appearance and became subject to the jurisdiction of the Court. From such it may be reasonably inferred that he was engaged in interstate commerce, but no point thereabout was made in the Court below and no federal statute or regulation was cited or relied upon, so, of course, none such has been considered by this Court.

I think that the exceptions should be overruled and the orders of the Circuit Court affirmed.

MR. ASSOCIATE JUSTICE FISHBURNE concurs. ·