### 21343

EQUILEASE CORPORATION, Plaintiff, v. Jerry F. WEATHERS, James G. Ledford and Kentucky Insurance Company, Defendants, of whom Kentucky Insurance Company is a Respondent, and Jerry F. Weathers and James G. Ledford are Appellants.

(272 S. E. (2d) 789)

*Robert L. Wylie, III,* Greenville, *for appellants.*

*Alford & Johnson,* Columbia, *for respondent.*

*Williams & Henry,* Greenville, *for plaintiff.*

December 4, 1980.

LITTLEJOHN, Justice:

The facts, out of which the controversy involved in this appeal arises, are set forth in the agreed statement of fact which is, with minor deletions, as follows:

"The Appellants, Jerry F. Weathers ('Weathers') and James G. Ledford ('Ledford') on January 21, 1977, alleged that they did lease from the Plaintiff, Equilease Corporation ('Equilease') a 1977 Peterbilt Truck Tractor. On January

21, 1977, an insurance policy was purchased from the Respondent, Kentucky Insurance Company ('Kentucky'), naming Equilease as loss payee. . . .

"On December 17, 1977, the insured truck tractor was stolen.

"On December 19, 1977, Weathers and Ledford notified Kentucky of the theft and subsequently demanded payment under the policy. Kentucky refused to pay.

"Equilease, as loss payee, served a Summons and Complaint on Kentucky August 22, 1979, demanding payment on the policy. Equilease also served the same Summons and Complaint on Weathers and Ledford naming them as party defendants. Kentucky served and filed a timely answer by and through its attorneys of record. . . . A copy of this answer was also served upon the attorney for the Defendants-Appellants, . . . ('Weathers') and . . . ('Ledford').

"On September 27, 1979, Weathers and Ledford served a Summons and Cross-Complaint on Kentucky, not licensed in the State of South Carolina, by way of the South Carolina Commissioner of Insurance pursuant to Sections 38-52-50 and 15-9-270 of the *Code of Laws of South Carolina, 1976,* but did not serve a copy on the attorneys of record for Kentucky. Although Kentucky received a copy of the Cross-Complaint on October 3, 1979, Kentucky's agent mistakenly believed that Kentucky's attorneys of record had been served and Kentucky's interests protected.

"On October 3, 1979, Kentucky received a copy of the Summons and Cross-Complaint by certified mail from the Commissioner of Insurance.

"Kentucky failed to respond to the Summons and Cross-Complaint within the required twenty (20) days. Weathers and Ledford did, on October 26, 1979, file an Affidavit of Default and Motion for Judgment against Kentucky.

"Kentucky, by separate motions dated October 31, 1979, sought an Order setting aside the service of the Summons and Cross-Complaint and an Order allowing Kentucky to answer or otherwise plead to the Summons and Cross-Complaint.

"The matter was decided by the Honorable David W. Harwell on the respective motions by both parties. Judge Harwell, by Order dated January 2, 1980, held that the service of the Answer and Cross-Complaint on Kentucky was null and void and quashed same as being invalid, ineffective and improper. Judge Harwell further held that if the service were later to be construed proper and effective that Kentucky be granted leave to answer, move or otherwise plead.

"Weathers and Ledford served their Notice of Appeal to this Court. . . ."

The order of Judge Harwell properly discusses and appropriately disposes of the controlling issue as follows:

"This matter came before me on November 8, 1979. Kentucky Insurance Company (Kentucky) made Motions to: (1) Set aside any purported service of the Answer and Cross-Complaint of the Co-Defendants, Jerry F. Weathers (Weathers) and James G. Ledford (Ledford), against Kentucky, and (2) to allow Kentucky to answer, move or otherwise plead to the Cross-Claim asserted against it by the Co-Defendants, Weathers and Ledford.

"This action was commenced on August 22, 1979, by the service of a Summons and Complaint on all of the Defendants. Kentucky was properly served by substituted service upon the Chief Insurance Commissioner of South Carolina and jurisdiction was had over Kentucky pursuant to Code Section 38-52-50. Thereafter, Kentucky filed a timely Answer by and through its attorneys of record, the law firm of Alford & Johnson (Alford & Johnson). A copy of Ken-

tucky's Answer was served upon the attorney for the Co-Defendants, Weathers and Ledford. Thereafter, Weathers and Ledford filed a Cross-Claim against Kentucky and served a copy of this Cross-Claim on the Chief Insurance Commissioner without serving a copy upon Alford & Johnson, the attorneys of record for Kentucky. W. E. Dudley of Seibels, Bruce Group was in charge of handling all claims arising out of this litigation involving Kentucky. Although he did receive a copy of the Cross-Claim, he had retained the law firm of Alford & Johnson to handle all aspects of this litigation. He was informed that Alford & Johnson had made an appearance in this action on behalf of Kentucky and Mr. Dudley mistakenly believed that a copy of the Cross-Claim had been served upon Alford & Johnson as the attorneys of record.

"This Court shall first consider Kentucky's Motion to Quash the Purported Service of the Cross-Claim. Code Section 15-9-990 mandates:

'When a party shall have an attorney in the action the service of papers shall be made upon the attorney instead of the party.'

This Section *requires* service upon the attorney of record for a party once the attorney of record for that party has made an appearance. No distinction can or should be made where the party is a foreign insurance company. Service must be made upon the attorney of record after jurisdiction has been acquired over such an insurance company and such company's attorney has made an appearance. In the case at hand, Weathers and Ledford had actual as well as constructive knowledge of Alford & Johnson's representation of Kentucky but no service was made upon anyone in that firm.

"The Co-Defendants, Weathers and Ledford, rely upon Code Sections 15-9-270 and 38-52-80. They contend that these Sections set out the proper method of service of the Cross-Claim in this action. These statutes are substituted

service or constructive service statutes. These statutes were designed by the legislature to provide a simple and easy method of *obtaining jurisdiction* over a foreign insurance company. This Court already had jurisdiction over Kentucky and the Summons that accompanied the Cross-Claim against Kentucky was unnecessary and superfluous. *See Royal Exchange Assurance of London v. Bennettsville and C. R. Company,* 95 S. C. 375, 79 S. E. 104 (1913) ; see also Harry M. Lightsey, Jr., *Code Pleading,* p. 210. Since jurisdiction had already been acquired over Kentucky, substituted service statutes of the Code were no longer applicable and Code Section 15-9-990 was controlling.

"The case of *Anderson v. Anderson,* 198 S. C. 412, 18 S. E. (2d) 9 (1941), stands for the proposition that after jurisdiction has been acquired over a party, the mandatory language of 15-9-990 requires service to be made upon the attorney of record for a party. The *Anderson* case construed Code Section 15-9-990 to be applicable after the court had jurisdiction over a party. Once jurisdiction existed, then service upon the attorney of record for a party was the effective and only means of service on a party. The court in *Anderson* reasoned:

'One of the significant features of our whole judicial system is that parties litigant may be, and usually are, represented by attorneys learned in the law, and these attorneys by virtue of the very name of their office stand for and in place of their clients.'

This reasoning is logical and practical and it is clear that Code Sections 15-9-270 and 38-52-80 were intended by the legislature to be methods of obtaining jurisdiction over a foreign insurance company. Once jurisdiction has been acquired over such an insurance company, these code sections have no further applicability. Any other construction of these statutes would lead to ridiculous results if taken to their logical conclusion, such as allowing service of notices of de-

positions, interrogatories, motions, *et cetera,* on the Chief Insurance Commissioner. Since the substituted service statutes are inapplicable when the court has already acquired jurisdiction over a foreign insurance company, the mandatory requirements of 15-9-990 must be followed in order to make effective service of a cross-claim against such an insurance company. Therefore, the proper method of service when the court already has jurisdiction over a foreign insurance company is to make service upon the attorneys of record for the foreign insurance company. In this case, the court had jurisdiction over Kentucky and Kentucky's attorneys of record were Alford & Johnson. Since Alford & Johnson was not served, the purported service of the Cross-Claim against Kentucky was improper and ineffective.

"Some mention should be made of the contention by Weathers and Ledford that the exclusive method of service upon a foreign insurance company is by serving the Chief Insurance Commissioner and that service made in any other way upon a foreign insurance company is invalid. Weathers and Ledford rely on the case of *Mobley v. Bland and Pennsylvania Casualty Company,* 200 S. C. 448, 21 S. E. (2d) 22 (1942). The *Mobley* case is easily distinguished. *Mobley* was construing Code Sectiton 35-5-80, which is not applicable here, and even if relied upon for guidance and interpretation, a careful reading of the case reveals that jurisdiction had not yet been acquired over the insurance company defendant. Clearly, in such a case where jurisdiction has not yet been acquired over an insurance company, service under the applicable substituted service statute is the proper and exclusive method of obtaining jurisdiction over the insurance company. However, once jurisdiction has been acquired, the *Mobley* case has no further application because the substituted service statutes are no longer applicable to the situation and the mandates of 15-9-990 must be followed.

"Based on the foregoing, any purported service of the Answer and Cross-Complaint of Weathers and Ledford

against Kentucky was improper, ineffective and invalid as it failed to comply with the requirements of 15-9-990."

We are of the opinion, as was the lower court, that Kentucky should be allowed to answer the cross-action. It is obvious that both Kennedy and counsel for Kentucky have long ago been supplied with copies of the counterclaim. Under the facts, no further service of the counterclaim shall be required. The answer to the counterclaim shall be served within twenty (20) days from the remittitur.

Affirmed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.