0545

STATE of South Carolina, ex rel. T. Travis MEDLOCK, Attorney General, Appellant, v. LOVE SHOP, LTD., John A. Williamson, Robert V. Bondy, and William E. Flatt, Defendants, of whom John A. Williamson and Robert V. Bondy are Respondents. Appeal of John A. WILLIAM-SON and Robert V. Bondy.

(334 S. E. (2d) 528)

Court of Appeals

---

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Richard Kelly,* Columbia, *for appellant.*

*John A. Williamson* and *Robert V. Bondy, pro se.*

Heard June 17, 1985.

Decided Aug. 27, 1985.

*Per Curiam:*

This action was brought by the State against the defendant Love Shop, Ltd. and three of its officers for violating

the South Carolina Unfair Trade Practices Act, S. C. Code Ann. Sections 39-5-10 to -560 (1976). The circuit court, the Honorable E. C. Burnette presiding, entered an order of default against Love Shop, Ltd. and respondents John Williamson and Robert Bundy upon their failure to answer. The court also scheduled a hearing to determine appropriate relief before Special Circuit Court Judge James C. Harrison, Jr.

Judge Harrison ordered dismissal of the actions against the respondents Williamson and Bondy after the State's presentation of its evidence of damages. He found that the State had failed to effect service on Williamson and had failed to prove that Bondy was a "controlling person" of Love Shop, Ltd. within the meaning of the Unfair Trade Practices Act. It is from these two rulings that the State appeals, contending Judge Harrison erred in reversing findings entered earlier by Judge Burnette in his order of default. We agree, reverse and remand.

It is settled that one circuit judge does not have the power to review, modify, affirm or reverse the findings of another circuit judge. *Cook v. Taylor*, 272 S. C. 536, 252 S. E. (2d) 923 (1979); *Sheppard v. Kimbrough*, 282 S. C. 348, 318 S. E. (2d) 573 (Ct. App. 1984). The question is whether Judge Burnette entered findings on the issues ruled by Judge Harrison. We hold that he did.

Before a default judgment may be entered the plaintiff must prove and the court find that jurisdiction of the defaulting party was acquired by lawful service of process. S. C. Code Ann. Section 15-35-310 (1976); 49 C.J.S. *Judgments* Section 211 (1947). In entering an order of default, therefore, the court necessarily found that it had jurisdiction of Williamson. In addition, it explicitly found that "the Defendants Love Shop, Ltd., John A. Williamson, and Robert V. Bondy have been duly served with a Rule to Show Cause, Summons and Complaint." Judge Harrison's subsequent ruling that Williamson was not served thus reversed Judge Burnette's finding and was error.

Likewise, entry of an order of default is an admission by the defaulting party of the well-pleaded allegations of the complaint:

> The defendant, by waiving a contest and suffering a default to be taken against him, admits the truth of the allegations, set out in the plaintiff's declaration or complaint. . . . Hence the default authorizes the entry of any judgment warranted by the facts alleged.

*Gadsden v. Home Fertilizer & Chemical Co.*, 89 S. C. 483, 487-88, 72 S. E. 15, 17 (1911) quoting *Gillian v. Gillian*, 65 S. C. 129, 132, 43 S. E. 386, 387 (1903).

Based on respondent Bondy's admission by default, Judge Burnette found him individually liable for the acts alleged. Judge Harrison was bound by the admission and finding. *Cook v. Taylor*, 272 S. C. at 536, 252 S. E. (2d) at 923. His reversal of the finding was therefore error.

For the reasons given, the judgment under appeal is reversed and the case is remanded to the circuit court for determination of appropriate damages against the respondents Williamson and Bondy.

Reversed and remanded.