THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mark A. and Karyn M. Brinkley, Respondents,
 
 
 

v.

 
 
 
 Gregory K. Martin, ASL, Inc., a/k/a All Saints Landing, a Corporation; Wayne Hucks, Danny T. and Deborah Carroll, and Ron Teague, Defendants,
 Of Whom Gregory K. Martin is the Appellant.
 
 
 

Appeal From Horry County
Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2006-UP-380
Submitted November 1, 2006  Filed November 22, 2006

REVERSED

 
 
 
 Warren C. Powell, Jr., of Columbia, for Appellant.  
 Francis T. Draine, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Mark A. and Karyn M. Brinkley filed this negligence and legal malpractice action arising from a real estate transaction against Gregory K. Martin, ASL, Inc., a/k/a All Saints Landing, a Corporation, Wayne Hucks, Danny T. and Deborah Carroll, and Ron Teague. The circuit court granted the Brinkleys motion to transfer the case to the jury docket.  Gregory Martin appeals.  We reverse.[1] 
FACTS
With the commencement of this action, the Brinkleys demanded a jury trial.  The circuit court referred the matter to the master in equity with finality by order filed September 24, 2001.  No appeal was taken from this order.  Shortly thereafter, the master ruled on one issue in the case.  Other issues remained undecided.  Approximately two and a half years later, the Brinkleys moved to transfer the case to the active jury trial roster on the sole ground the reference to the master was a mistake.  After ruling on another pending issue in the case, the master wrote the chief administrative judge requesting recusal for the remainder of the case.  Judge Paula Thomas responded on March 24, 2004, recusing the master and informing the parties they must agree on a special referee within five days or the case will be put on the Court roster.  
Judge Cottingham denied the Brinkleys motion to transfer the matter to the jury roster by order dated May 3, 2004, finding the order of reference affected the mode of trial and should have been immediately appealed.[2]  Judge Cottingham also found the motion, based on the ground of mistake, was not made within the one year limitation of Rule 60(b), SCRCP.  The Brinkleys did not appeal this order.  
In February of 2005, the Brinkleys moved for change of venue from Horry County to Florence County, and complained about the delay in the case being set for trial on the Horry County jury roster.  By order filed September 12, 2005, Judge Thomas concluded the effect of [the masters] recusal was that jurisdiction of the case should be referred to the special referee.  Judge Thomas accordingly referred the action to the special referee to enter final judgment.  On September 13, 2005, the Brinkleys forwarded a chronology of events and supporting documentation to Judge Thomas.  In response, Judge Thomas declared the September 24, 2001 order of reference to the master null and void and transferred the case to the jury docket.  
LAW/ANALYSIS
 Martin argues Judge Thomas erred in voiding the September 24, 2001 order of reference and effectively reversing Judge Cottinghams May 3, 2004 order denying the Brinkleys motion to transfer the case to the jury roster.  We agree.
In their motion to transfer the case to the jury roster, the Brinkleys relied on mistake as the ground for setting aside the original order of reference.  A motion to set aside an order on the ground of mistake is governed by Rule 60(b)(1) of the South Carolina Rules of Civil Procedure.  Rule 60(b) provides:
 
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 (1)  mistake, inadvertence, surprise, or excusable neglect;
 * * *
 The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.
 
Rule 60(b), SCRCP.  The one year limit for motions pursuant to Rule 60(b)(1)-(3) is an absolute time limit.  Coleman v. Dunlap, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992).  The Brinkleys motion to transfer the case to the jury roster is dated March 5, 2004, more than two years after the filing of the September 24, 2001 order of reference.  We find Judge Cottingham correctly concluded the motion to transfer the case to the jury calendar, based on a mistake in the order of reference, was not timely filed pursuant to Rule 60(b)(1).  
 Furthermore, the Brinkleys failure to appeal either the order of reference or Judge Cottinghams order finally determines the mode of trial issue.  A party waives its right to a jury trial by failing to immediately appeal an order denying a motion for a jury trial.  Lester v. Dawson, 327 S.C. 263, 265, 491 S.E.2d 240, 241 (1997).  See also Edwards v. Timmons, 297 S.C. 314, 316, 377 S.E.2d 97, 97 (1988) (holding that the trial courts unappealed order of reference to a master in equity became the law of the case); Creed v. Stokes, 285 S.C. 542, 542-43, 331 S.E.2d 351, 352 (1985) (finding the appellant waived his objection to the order of reference by not immediately appealing the order).
 Because the order of reference was not appealed and Judge Cottinghams order appropriately applied Rule 60(b)(1) and was likewise not appealed, the mode of trial issue was finally determined prior to the Brinkleys submission of a chronology and documentation to Judge Thomas.  Accordingly, the order voiding the order of reference and effectively reversing the order denying the Brinkleys motion to transfer the case to the jury roster is reversed.  See also Medlock v. Love Shop, Ltd., 286 S.C. 486, 487, 334 S.E.2d 528, 529 (Ct. App. 1985) (holding that one circuit judge does not have the power to review, modify, affirm, or reverse findings of another circuit court judge).
 REVERSED.
 GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] This court may not consider any alleged error in the trial courts failure to continue the matter as the Brinkleys did not appeal the issue.  See Town of Mt. Pleasant v. Jones, 335 S.C. 295, 298-99, 516 S.E.2d 468, 470 (Ct. App. 1999) (finding an unappealed ruling becomes the law of the case, and the appellate court must assume the ruling was correct).