753 S.E.2d 537

WHITE OAK MANOR, INC. and White Oak Manor–York, Inc., Petitioners,

v.

LEXINGTON INSURANCE COMPANY, Caronia Corporation, and Certain Underwriters at Lloyd's London, subscribing to Certificate No. UP02US382030, Defendants,

of whom Lexington Insurance Company is the, Respondent.

Appellate Case No. 2011–201666.

No. 27351.

Supreme Court of South Carolina.

Heard Sept. 17, 2013.

Decided Jan. 15, 2014.

2

4

Matthew A. Henderson and Joshua M. Henderson, both of Henderson, Brandt & Vieth, PA, of Spartanburg, for Petitioners.

Peter H. Dworjanyn and Christian Stegmaier, both of Columbia, Amy Lynn Neuschafer, of Murrells Inlet, all of Collins & Lacy, PC, for Respondent.

Justice HEARN.

This case requires us to determine the validity of a service-of-suit clause in an insurance policy in light of Section 15–9–270 of the South Carolina Code (2005) which provides for service of process on an insurer through the Director of the Department of Insurance. The circuit court upheld the service-of-suit clause and refused to relieve the insurer from default judgment. The court of appeals reversed, holding

section 15–9–270 provides the exclusive method for serving an insurance company. *White Oak Manor, Inc. v. Lexington Ins. Co.*, 394 S.C. 375, 382, 715 S.E.2d 383, 387 (Ct.App.2011). We disagree that section 15–9–270 provides the exclusive means of service on an insurer and hold that insurance policy provisions creating alternative methods of service are valid and binding on insurers. Accordingly, we reverse the court of appeals.

## FACTUAL/PROCEDURAL HISTORY

White Oak Manor, Inc. owns and operates a nursing home in York, South Carolina. After sustaining injuries from the improper replacement of a feeding tube, a White Oak resident filed a lawsuit against the nursing home. White Oak ultimately settled the lawsuit without the involvement of its insurer, Lexington Insurance Company.

White Oak subsequently filed this declaratory judgment action against Lexington to determine coverage for the malpractice claim. The policies between White Oak and Lexington contained a service-of-suit clause which provided:

It is further agreed that service of process in such suit may be made upon Counsel, Legal Department, Lexington Insurance Company, 200 State Street, Boston, Massachusetts 02109 or his or her representative, and that in any suit instituted against us upon this Policy, we will abide by the final decision of such court or of any appellate court in the event of any appeal.

In compliance with the policy provision, White Oak served Lexington by mailing the summons and complaint by certified mail, return receipt requested, to "Lexington Insurance Company, 200 State Street, Boston, MA 02109, ATTN: LEGAL DEPARTMENT." According to the return receipt, service was accepted May 20, 2005, and signed for by a Thomas W. Dinam. After Lexington failed to respond within thirty days, a default judgment was entered against Lexington on July 15, 2005. Approximately two months later, White Oak amended its complaint, alleging Lexington was in default and moving for damages. It again served the amended summons and complaint on Lexington by mail.

Thereafter, Lexington filed an answer and counterclaim as well as a motion to set aside the entry of default, alleging insufficient service of process. At the hearing, Lexington

offered three alternative arguments in support of its motion. Initially, Lexington argued service on an insurance company could only be effectuated pursuant to section 15–9–270, which requires service of process be through the Director of the Department of Insurance, and any contrary contractual provisions were invalid. Additionally, Lexington argued that even if White Oak legally served it pursuant to the contract, service was nevertheless ineffective because White Oak did not substantially comply with the contractual provisions. In particular, Lexington noted that although it had documentation that it received the summons and complaint, it had no record of an employee named Thomas W. Dinam, and he was neither counsel nor counsel's "representative." Furthermore, Lexington argued good cause existed to set aside the default.

The circuit court denied the motion, holding Lexington and White Oak agreed contractually to another means of service and therefore, service through the Director was not required. It further held White Oak substantially complied with the service-of-suit clause in the policy and noted Lexington in fact received the original summons and complaint, but lost them. The court also found Lexington failed to demonstrate good cause for setting aside the default, citing caselaw providing that losing a complaint is not a basis to set aside default. Thereafter, the circuit court considered White Oak's motion for damages and entered a judgment against Lexington for $153,266.

The court of appeals reversed, holding the "service of suit clause did not absolve White Oak of the responsibility to comply with the requirement in section 15–9–270 that it deliver two copies of its summons and complaint to the Director of the Department of Insurance in order to serve process on Lexington." *White Oak*, 394 S.C. at 382, 715 S.E.2d at 387. Specifically, it noted that service on the Director was "a right granted to the Department to enable it to fulfill the responsibilities with which it has been charged" and Lexington's policy could not waive the Department's right. *Id.* at 382, 715 S.E.2d at 386.

## ISSUES PRESENTED

I. Did the court of appeals err in holding service on an insurance company can only be accomplished by compliance with section 15–9–270?

II. Did the circuit court err in failing to set aside the entry of default?

## LAW/ANALYSIS

### I. SOUTH CAROLINA CODE SECTION 15–9–270

■ White Oak argues the court of appeals erred in holding service pursuant to section 15–9–270 was the only legally sufficient manner of service on an insurance company. We agree.

■ The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature, and the text of a statute is considered the best evidence of legislative intent. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). Statutory language "must be construed in context and in light of the intended purpose of the statute in a manner which harmonizes with its subject matter and accords with its general purpose." *Cabiness v. Town of James Island*, 393 S.C. 176, 192, 712 S.E.2d 416, 425 (2011) (internal quotations omitted). Where a statute's language is plain and unambiguous, the Court has no right to impose another meaning. *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581. Nevertheless, "[h]owever plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention." *Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994).

Section 15–9–270 states:

The summons and any other legal process in any action or proceeding against it must be served on an insurance company ... by delivering two copies of the summons or any other legal process to the Director of the Department of Insurance.... A company shall appoint the director as its attorney pursuant to the provisions of Section 38–5–70. This service is considered sufficient service upon the company. When legal process against any company with the fee provided in this section is served upon the director, he shall immediately forward by registered or certified mail one of

the duplicate copies prepaid directed toward the company at its home office. . . .

Additionally, Section 38–5–70 of the South Carolina Code (2002) provides: "Every insurer shall, before being licensed, appoint in writing the director and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it must be served. . . ."

The court of appeals found the above quoted language mandated that any process served on an insurance company must be made through the Director. Specifically, the court found section 15–9–270 provides the Director with the right to receive copies of any pleadings served on an insurance company and Lexington could not waive a right it did not possess. In so concluding, the court noted the Director was responsible to

(1) "see that all laws of this State governing insurers or relating to the business of insurance are faithfully executed[,]" (2) "report to the Attorney General or other appropriate law enforcement officials criminal violations of the laws relative to the business of insurance or the provisions of this title which he considers necessary to report[,]" and (3) institute civil actions when appropriate.

*White Oak*, 394 S.C. at 381, 715 S.E.2d at 386 (quoting S.C.Code Ann. § 38–3–110 (2002) (alterations in original)). Accordingly, the court reasoned "the Director needs to be informed when an insurer's misconduct is alleged to be sufficiently serious to warrant litigation" and requiring service on "the Director as a prerequisite to acquiring jurisdiction over the insurer is a reasonable and efficient way to achieve this objective." *Id.* at 381–82, 715 S.E.2d at 386.

White Oak argues the court of appeals' holding ignores the settled principle that parties are free to agree to alternative methods of service, just as they may waive service altogether. Furthermore, White Oak contends the conclusion that the Director has a right to receive copies of the pleadings is not supported by any evidence or legislative history. We agree on both points.

"The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an opportunity to appear and defend." *State v.*

*Sanders,* 118 S.C. 498, 502–03, 110 S.E. 808, 810 (1920). Consistent with this purpose, parties are generally permitted to agree to particular methods of service or waiving service altogether. *See Fin. Fed. Credit Inc. v. Brown,* 384 S.C. 555, 565, 683 S.E.2d 486, 491 (2009) ("[W]here service is accomplished in a manner consented to by the defendant, service of process is valid and a court has jurisdiction over the defendant for purposes of entering judgment."); *Myrtle Beach Lumber Co. v. Globe Int'l Corp.,* 281 S.C. 290, 292, 315 S.E.2d 142, 143 (Ct.App.1984) ("[A] defendant may waive personal service by consent or by designating an agent to receive service of process."). Furthermore, allowing for the waiver of service is consistent with the principle that a defendant can waive personal jurisdiction. *See Bakala v. Bakala,* 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003) ("Objections to personal jurisdiction, unlike subject matter jurisdiction, are waived unless raised."); *see also* Rule 4(d), SCRCP ("Voluntary appearance by defendant is equivalent to personal service . . . .").

██ We therefore cannot agree it was the intent of the legislature to circumvent the long-standing rule that service can be consented to by the parties or waived entirely. Service of process is intended to provide notice and obtain personal jurisdiction, and Lexington designated in its policy a method for an insured to accomplish both those goals. We hold Lexington is bound by its own policy's terms. We reject the notion that the statute is intended to allow an insurance company to prescribe a method of service in its policy and then declare its *own* provision invalid under section 15–9–270. We have previously interpreted insurance service statutes as "designed by the legislature to provide a simple and easy method of obtaining jurisdiction over a foreign insurance company." *Equilease Corp. v. Weathers,* 275 S.C. 478, 483, 272 S.E.2d 789, 791 (1980). Thus, their purpose is to provide an insured with a method to obtain service of process on insurance companies; it is not to serve as a shield for insurance companies, protecting them from their own policy terms.

Furthermore, we find no support for the court of appeals' holding that service on the Director is a requirement that cannot be waived because the Director has a right to receive this information. Although the receipt of any legal process involving insurance companies might be helpful to the Director

in carrying out his duties, we disagree that the plain language of the statute dictates personal jurisdiction is contingent upon the Director's receipt of the pleadings. That holding would lead to the absurd result that an insurance company could never waive a claim of defective service, even by a voluntary appearance, because to do so would abridge the Director's right to be served.

Accordingly, we reverse the court of appeals and hold section 15-9-270 does not provide the exclusive method of service on an insurance company.

## II. FAILURE TO SET ASIDE THE ENTRY OF DE-FAULT

Lexington contends even if the service-of-suit clause is valid, the entry of default should be set aside on other grounds. We disagree.

▮ Determining whether to set aside an entry of default lies solely within the sound discretion of the circuit court and that decision will not be overturned absent a clear showing of an abuse of discretion. *Richardson v. P.V., Inc.*, 383 S.C. 610, 614, 682 S.E.2d 263, 265 (2009). The Court has never required exacting compliance with the rules to effect service of process, but instead looks to whether the plaintiff substantially complied with the rules such that the court has personal jurisdiction over the defendant and the defendant has notice of the proceedings. *Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995).

### A. Compliance with the Service-of-Suit Clause

▮ Lexington argues White Oak did not comply with the terms of the service-of-suit clause. Specifically, Lexington asserts the provision required service be directed to "Counsel ... or his or her representative" whereas White Oak addressed the pleadings to "Attn: LEGAL DEPARTMENT." Lexington also contends the person who signed the return receipt was not authorized to receive service as required by Rule 4(d)(8). We disagree.

The circuit court determined White Oak substantially complied with the service-of-suit clause set forth in the insurance policy. The court found that although the pleadings were not

addressed to "Counsel," because the clause allowed for service on counsel's "representative," White Oak addressing the pleadings to the legal department constituted substantial compliance. The court also found it significant that Lexington acknowledged the complaint was received by its claims counsel.

We find the circuit court did not abuse its discretion in holding White Oak substantially complied with the service-of-suit clause. The communication was directed to the legal department, and the mere omission of the word "Counsel" in the address did not render service ineffective.

### B. Good Cause

■■■ Lexington also argues the circuit court erred in failing to set aside the default because it has shown good cause to grant relief under Rule 55(c). We disagree.

■■■ The standard for granting relief from an entry of default under Rule 55(c) is mere "good cause." Rule 55(c), SCRCP. "This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice." *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009). "Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted." *Id.* at 607–08, 681 S.E.2d at 888.

Lexington asserts it replied promptly after discovering the default, it presented evidence of a meritorious defense, and White Oak would suffer no prejudice if the relief was granted. The circuit court held Lexington provided no reasonable explanation for why it failed to respond to the initial complaint. The court found the only excuse offered was that Lexington lost the pleadings and concluding that ground was insufficient, denied the motion.

Lexington argues the circuit court erred in relying on this Court's holding in *Roche* that losing a summons and complaint is never a ground to set aside a default judgment. It notes

the standard for reviewing a motion for relief from default under Rule 55(c) and a motion for relief from a default judgment under 60(b) are distinct. Although we acknowledge the standard under Rule 60(b) is more rigorous than "good cause" under Rule 55(c), we find no error in the court's holding that losing the complaint was not "good cause." The circuit court acted within its discretion in concluding that losing a complaint was not a satisfactory explanation for failing to timely respond.

### C. Other Equitable Considerations

 Lexington finally argues the Court should set aside the entry of default because White Oak failed to serve a courtesy copy of the complaint on Lexington's attorney. We disagree.

As Lexington acknowledges, nothing in the South Carolina Rules of Civil Procedure requires the service of a courtesy copy of the summons and complaint on opposing counsel. Furthermore, we find no inequity in White Oak's actions. We fail to see how serving an insurance company in accordance with its own service-of-suit clause can be characterized as unfair or an attempt to take advantage of the attorney. Instead, we find it would be inequitable to fault White Oak for not serving an additional courtesy copy in case the insurance company lost the pleadings.

### CONCLUSION

Based on the foregoing, we reverse the court of appeals' opinion and affirm the circuit court's order.

TOAL, C.J., BEATTY and KITTREDGE, JJ., concur. PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent and would affirm the decision of the Court of Appeals. First, the statutes and case law are clear: the exclusive method for service of process on a foreign insurance company is by service on the Director of the Department of Insurance. Pursuant to S.C.Code Ann. § 38–5–70 (2002), every foreign insurer appoints the director as its agent

for service of process. Substituted service upon the director "is [the] exclusive [method], and service made in any other way upon such corporations is invalid." *Murray v. Sovereign Camp, W.O.W.*, 192 S.C. 101, 108, 5 S.E.2d 560, 562 (1939) (construing predecessor to § 38–5–70). Further, S.C.Code Ann. § 15–9–270 (2005) provides, "The summons and any other legal process in any action or proceeding against [an insurance company] must be served on an insurance company ... by delivering two copies ... to the Director ..." Compliance with this statute "is the proper and exclusive method of obtaining jurisdiction over the insurance company." *Equilease Corp. v. Weathers*, 275 S.C. 478, 484, 272 S.E.2d 789, 792 (1980). An action is not commenced unless these statutory mandates are met, and all parties agree they were not complied with here. *See also Couch on Insurance § 3:30 (3rd ed.2013)* (recognizing South Carolina as a jurisdiction where service on statutory agent is exclusive). The trial court erred in refusing to set aside entry of default.

I also agree with the Court of Appeals that the policy underlying these statutes is to protect the public by informing the Director of allegations of insurer misconduct. *See* S.C.Code Ann. § 38–3–110(2002). I therefore conclude it would violate public policy to permit an insurance company to contract out of these mandatory substituted service statutes.

While it is unfortunate that an insurance company that received actual notice of the petitioners' suit is taking advantage of these substituted service statutes, this result is compelled by our precedents and by the public policy that the statutes serve. For the reasons given above, I would affirm the decision of the Court of Appeals.