**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

AEP2, LLC f/k/a 2AM Group, LLC, Respondent,

v.

BMW of North America, LLC, Appellant.

Appellate Case No. 2017-002481

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-337
Heard November 2, 2020 – Filed September 22, 2021

**AFFIRMED**

M. Dawes Cooke, Jr., of Barnwell Whaley Patterson & Helms, LLC, of Charleston, SC, Ashley Bryan Abel, of Jackson Lewis P.C., of Greenville, SC, and Anna Louise Strandberg, of Greenville, NC, all for Appellant.

Thomas H. Pope, III, of Pope Parker Jenkins, P.A. of Newberry, SC, and John P. Freeman, of Seattle, WA, both for Respondent.

**PER CURIAM:** BMW of North America, LLC (BMW) appeals from the trial court's order denying its motion for relief from the entry of default and the court's

order awarding AEP2, LLC, formerly known as 2AM Group, (AEP2) damages. We affirm.

BMW argues the trial court abused its discretion in refusing to set aside the entry of default. We disagree. *See Richardson v. P.V., Inc.*, 383 S.C. 610, 614, 682 S.E.2d 263, 265 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial court."); *id.* ("The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) ("An abuse of discretion . . . occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 510, 602 S.E.2d 99, 102 (Ct. App. 2004) ("Rule 55(c), [of the South Carolina Rules of Civil Procedure (SCRCP)], allows the circuit court to set aside an entry of default 'for good cause shown.'" (quoting Rule 55(c))); *Williams v. Vanvolkenburg*, 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct. App. 1994) ("Whether good cause is established is within the sound discretion of the [trial] court."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); *id.* at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *id.* at 608, 681 S.E.2d at 888 ("The trial court need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause."); *id.* at 608, 681 S.E.2d at 889 (stating that while "the criteria for obtaining relief from judgment under Rule 60(b)—mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation—are relevant in determining whether good cause has been shown under Rule 55(c)[,] . . . [n]o trial court should ever find good cause lacking based solely on the absence of a Rule 60(b) factor"); *id.* at 609, 681 S.E.2d at 889 (rejecting the petitioner's argument "that it should be granted relief from the entry of default because it should not be held responsible for the negligence of its insurance agent in failing to answer the complaint" and holding the argument was without merit "as the law is clear that an attorney or insurance company's misconduct is imputable to the client"); *White Oak Manor, Inc. v. Lexington Ins. Co.*, 407 S.C. 1, 12, 753 S.E.2d 537, 543 (2014) (finding no error in the trial court's holding that losing the complaint did not constitute "good cause"

under Rule 55(c)); *Campbell v. City of North Charleston*, 431 S.C. 454, 462, 848 S.E.2d 788, 792-93 (Ct. App. 2020) (affirming the denial of relief from an entry of default when the defendant's claims and insurance coordinator failed to take any action after receiving an email of the complaint from defendant's risk manager and "provided no explanation for her failure to open or forward the e-mail and only stated it was 'out of character'"); *id.* (holding "the [trial] court did not abuse its discretion by finding the failure to forward or open an e-mail did not satisfy the good cause standard articulated in Rule 55(c), SCRCP"); *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 178-79, 463 S.E.2d 636, 638-39 (Ct. App. 1995) (affirming the trial court's finding that the defendant's misunderstanding of a deadline did not constitute good cause to set aside the entry of default); *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 93, 96-97 (4th Cir. 1997) (holding plaintiff was not entitled to Rule 60(b) relief from dismissal after plaintiff's bankruptcy trustee ignored the litigation file and missed the deadline for having new counsel enter an appearance, rejecting trustee's excuse that he was overworked because he was assigned as trustee in numerous other actions, and explaining that if the trustee "could not satisfactorily perform his obligations, he should not have accepted the appointment"); *but see Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 60-61, 339 S.E.2d 524, 524-25 (Ct. App. 1986) (reversing trial court's failure to set aside a default judgment when client told the attorney the incorrect date of service and the answer was one day late); *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct. App. 2001) (reversing administrative law judge's order dismissing case when an attorney failed to appear at a hearing because he misunderstood the date of the hearing).

We hold the trial court did not abuse its discretion in refusing to set aside the entry of default. We find in-house counsel's actions in failing to recognize the complaint as one involving a new case and filing it in an incorrect electronic folder were similar to the employee in *Campbell* ignoring the email she received with a complaint. *See Campbell*, 431 S.C. at 462, 848 S.E.2d at 792-93 (holding "the [trial] court did not abuse its discretion by finding the failure to forward or open an e-mail did not satisfy the good cause standard articulated in Rule 55(c), SCRCP"). In addition, we find misfiling the complaint in an electronic folder or as in-house counsel stated in his first affidavit, "losing it in 'the proverbial shuffle,'" is not significantly different from physically losing the document, as in *White Oak Manor*, in which the supreme court upheld the trial court's refusal to lift the entry of default. *See White Oak Manor*, 407 S.C. at 12, 753 S.E.2d at 543 (affirming the trial court's holding that losing the complaint was not "good cause").

In addition, in the present case, in-house counsel received a copy of the complaint on February 21, 2017. While this copy of the complaint did not have the date of service on it, it did have the date of filing, which was February 8, 2017. Instead of attempting to verify when service was made on BMW by contacting its own agent for service, opposing counsel, or the Charleston County Clerk of Court's office,[1] in-house counsel simply told local counsel to use February 21, 2017, the date he received the courtesy copy of the complaint, as the date of service. *See Nelson v. Coleman Co.*, 41 F.R.D. 7, 10 (D.S.C. 1966) (stating "surely due care on [the general counsel's] part required that he take action immediately by telephone with this court's Clerk's office, or his local counsel to determine the date of service"). We find the evidence in the record supports the trial court's ruling that BMW's actions in this case did not constitute good cause entitling BMW to relief under Rule 55(c).[2]

2. We disagree with BMW's argument that because AEP2 failed to comply with the notices of damages provision in the Agreement, it should be limited in its right to damages and restricted from collecting prejudgment interest accrued before it gave notice to BMW. *See Nash v. Tindall Corp.*, 375 S.C. 36, 39, 650 S.E.2d 81, 83 (Ct. App. 2007) ("Procedural matters are to be determined in accordance with the law of South Carolina, the lex fori." (quoting *McDaniel v. McDaniel*, 243 S.C. 286, 289, 133 S.E.2d 809, 811 (1963))); *id.* ("Lex fori refers to the law of the forum."); *State ex rel. Medlock v. Love Shop, Ltd.*, 286 S.C. 486, 488, 334 S.E.2d 528, 530 (Ct. App. 1985) ("[E]ntry of an order of default is an admission by the defaulting party of the well-pleaded allegations of the complaint[.]"); *id.* at 489, 334 S.E.2d at 530 ("The defendant, by waiving a contest and suffering a default to be taken against him, admits the truth of the allegations, set out in the plaintiff's declaration or complaint. . . . Hence the default authorizes the entry of any

---

[1] Counsel in the related action emailed the complaint in this action to in-house counsel at 11:41 a.m., February 21, 2017. The affidavit of service was filed in the clerk's office at 1:06 p.m. that same day.

[2] Because we affirm the trial court's ruling that BMW did not establish good cause entitling it to relief from the entry of default, we need not address BMW's arguments about the remaining factors. *See Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888 ("The trial court need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

judgment warranted by the facts alleged." (quoting *Gadsden v. Home Fertilizer & Chem. Co.*, 89 S.C. 483, 487-88, 72 S.E. 15, 17 (1911))).

While the law of New Jersey applies to the contract, the law of South Carolina regarding default applies in analyzing this procedural issue. In its complaint, AEP2 alleged that under the Agreement, BMW was obligated to indemnify it for withdrawal liability to the Western Conference of Teamsters Pension Fund. BMW's argument concerning AEP2's failure to provide notice as required by the notice of damages provision is a defense to its liability for damages rather than to the amount of damages. Its liability for the damages is deemed admitted due to its default.

3. BMW argues the trial court misapplied New Jersey law in determining the date prejudgment interest began to accrue. We disagree. Under New Jersey Law, awards of interest and the calculation of those awards are reviewed under an abuse of discretion standard. *See Belmont Condo. Ass'n, Inc. v. Geibel*, 74 A.3d 10, 35 (N.J. Super. Ct. App. Div. 2013) ("A reviewing court must not disturb an award of prejudgment interest unless the trial judge's decision represents 'a manifest denial of justice.'" (quoting *Musto v. Vidas*, 754 A.2d 586, 598 (N.J. App. Div. 2000)); *County of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 608 (N.J. 2006) ("Unlike prejudgment interest in tort actions, which is expressly governed by [court rule], the award of prejudgment interest on contract and equitable claims is based on equitable principles."); *id.* ("In awarding prejudgment interest, '[t]he basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled.'" (quoting *Rova Farms Resort, Inc. v. Invs. Ins. Co.*, 323 A.2d 495, 512 (N.J. 1974))); *Derfuss v. N.J. Mfrs. Ins. Co.*, 666 A.2d 599, 604 (N.J. Super. Ct. App. Div. 1995) (granting the trial court deference to affirm award of prejudgment interest only from the date plaintiff was granted leave to amend her complaint to seek a trial de novo on her underinsured motorist (UIM) claim and noting "not only was plaintiff's UIM claim unliquidated prior to the arbitration award, but there is nothing to suggest that [the UIM provider] failed to negotiate with plaintiff in good faith to settle the matter during the pre-arbitration period" and that the UIM provider "did not delay or obstruct the arbitration proceedings or the trial de novo"). We find *Derfuss* does not limit a court to calculating prejudgment interest only from a date of the plaintiff's first demand or notice. Instead, New Jersey law provides for great deference to the trial courts and the calculation of prejudgment interest in accordance with equitable principles. Here BMW has had the use of the funds that

would have been used to pay the withdrawal liability while AEP2 has not. Because it is in default, BMW is deemed to have admitted it was obligated to indemnify AEP2 for the payments AEP2 made for the withdrawal liability. Therefore, granting the trial court deference, we hold the trial court did not abuse its discretion in finding it would be equitable to award AEP2 prejudgment interest from the date AEP2 made the payments.

**AFFIRMED.**

**HUFF, WILLIAMS, and GEATHERS, concur.**