**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

D.R. Horton, Inc., Appellant,

v.

Edward and April Mannone, Respondents.

Appellate Case No. 2024-002158

---

Appeal From Horry County
Martha M. Rivers, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-262
Submitted May 1, 2026 – Filed June 3, 2026

---

**AFFIRMED**

---

John T. Crawford, Jr., of Kenison Dudley & Crawford, LLC, of Greenville, for Appellant.

Edward and April Mannone, both of Myrtle Beach, pro se.

---

**PER CURIAM:** D.R. Horton, Inc. (D.R. Horton) appeals the circuit court's order affirming the magistrate court's default judgment in favor of Edward and April Mannone (collectively, the Mannones). On appeal, D.R. Horton argues the circuit court erred in (1) affirming the magistrate's order of default and (2) applying the

wrong standard in refusing to consider relieving D.R. Horton from default. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in affirming the magistrate's default judgment against D.R. Horton because the company waived its claim of improper service by failing to raise it to the magistrate. *See Fassett v. Evans*, 364 S.C. 42, 49, 610 S.E.2d 841, 845 (Ct. App. 2005) ("[T]he power to set aside a default judgment is addressed to the sound discretion of the trial court[,] whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). On July 1, 2024, D.R. Horton filed an answer, stating the Mannones served them on May 9, 2024, and asserting a substantive defense to the Mannones' warranty claim. The answer did not reference improper service or give a reason for the untimely answer. On July 17, 2024, the magistrate held a hearing, at which D.R. Horton appeared, and ordered D.R. Horton to pay the Mannones a default judgment of $7,500 plus $80 in court fees. D.R. Horton appealed to the circuit court, arguing that on May 9, 2024, the Mannones served the summons and complaint upon two superintendents at D.R. Horton's Myrtle Beach office instead of serving the company's registered agent, CT Corporation System. Although D.R. Horton contends the magistrate did not allow the company to explain its untimely answer, the magistrate's return to the circuit court appeal stated that the magistrate specifically "inquired as to the default from D.R. Horton," but instead of explaining the reasoning behind the untimely answer, the company "agreed numerous times that [it] was in default." Because the evidence showed D.R. Horton had the opportunity to raise the issue of improper service to the magistrate and failed to do so, we hold the circuit court properly found D.R. Horton could not then raise the issue to the circuit court. *See Ex parte Trustgard Ins. Co.*, 442 S.C. 485, 506, 900 S.E.2d 448, 459 (Ct. App. 2023) ("The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an opportunity to appear and defend." (quoting *White Oak Manor, Inc. v. Lexington Ins. Co.*, 407 S.C. 1, 8, 753 S.E.2d 537, 541 (2014))); *Bakala v. Bakala*, 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003) ("Objections to personal jurisdiction, unlike subject matter jurisdiction, are waived unless raised.").

2. As to D.R. Horton's contention that the circuit court applied the wrong standard when it found D.R. Horton waived any objection to personal jurisdiction by failing to include it in the answer, we hold the argument is not preserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be

raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Grant v. S.C. Coastal Council*, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (holding a party who did not file a motion to alter or amend an order failed to preserve its argument regarding the order's perceived deficiencies). D.R. Horton did not raise this argument at the hearing or in a post-trial motion. Thus, we hold this issue is not preserved for appellate review.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.